# EXHIBIT "A"

859923v.1

DEFINO LAW ASSOCIATES, P.C.
By: Chanté N. DePersia, Esquire
Attorney ID: 328708
2541 South Broad Street
Philadelphia, PA 19148
T: 215 551 9099
F: 215 551 4099
CND@DeFinoLawyers.com

*Filed and Attested by the
Office of Judicial Records
14 JUL 2022 04:03 pm
E. HAURIN*

*Attorney for Plaintiff*

| | |
|---|---|
| **ANTONIO LIGAMERI**<br>**129 MORRIS STREET**<br>**PHILADELPHIA, PA 19148**<br><br>**v.**<br><br>**AMAZON.COM**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109**<br><br>**AND**<br><br>**AMAZON LOGISTICS INC.**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br><br>**NO.:** |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**LAWYER REFERENCE SERVICE**
**1101 MARKET STREET, 11TH FLOOR**
**PHILADELPHIA, PA  19107-2911**
**(215) 238-6333**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL**
**1101 MARKET STREET, 11TH FLOOR**
**FILADELFIA, PA  19107-2911**
**(215) 238-6333**

## COMPLAINT IN CIVIL ACTION

1.  Plaintiff, Antonio Ligameri, is an adult individual who at all times material hereto resided at the above address and at all times material was the owner and operator of a vehicle (hereinafter "Plaintiff Vehicle"), which was involved in the accident in question.

2.  Defendant, Amazon.com, is a limited liability corporation registered in Delaware and duly organized and licensed to transact business in the Commonwealth of Pennsylvania and can be served at 207 Boren Avenue North, Seattle, WA 98109.

3.  Amazon.com is duly registered and authorized and actually does do business in Philadelphia, Pennsylvania, and was the owner of and/or was responsible for the vehicle (hereinafter "Defendant Vehicle"), which was involved in the accident in question.

4.  Defendant, Amazon Logistics Inc., is a corporation registered in Delaware and duly organized and licensed to transact business in the Commonwealth of Pennsylvania and can be served at 207 Boren Avenue North, Seattle, WA 98109.

5.  Amazon Logistics Inc. is duly registered and authorized and actually does do business in Philadelphia, Pennsylvania, and was the owner of and/or was responsible for the vehicle (hereinafter "Defendant Vehicle"), which was involved in the accident in question.

6.  On or about November 9, 2021, Plaintiff, operating Plaintiff Vehicle, was traveling northbound on Water Street in the left lane and approached the stop sign at East Tasker Street.

7.  On or about November 9, 2021, Defendant, by and through its employees, agents, representatives and/or subcontractors, operating Defendant Vehicle, was traveling northbound on Water Street in the right lane and approached the stop sign at East Tasker Street.

8.  At this time, both vehicles came to the stop sign at East Tasker Street simultaneously, and Defendant, by and through its employees, agents, representatives and/or subcontractors, proceeded to make a left turn onto East Tasker Street from the right lane, when he suddenly and without warning or signal, struck Plaintiff Vehicle with such severe impact that Plaintiff Vehicle was pulled several feet by the driver's side undercarriage until it came to rest on the sidewalk of East Tasker Street.

9.  Defendant, by and through its employees, agents, representatives and/or

subcontractors, operating Defendant Vehicle then fled the scene of the accident.

10.    As a direct and  proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff sustained very serious and grave injuries which include but are not limited to the following: injuries to his neck, cervical spine and lumbar spine.

11.    As a direct and  proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff was caused to undergo various medical procedures and sustain various medical expenses.

12.    As a direct and  proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff was caused to suffer serious pain and agony and may continue same for an indefinite time in the future.

13.    As a direct and proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff will continue to incur various medical expenses into the future for the injuries he has sustained.

14.    As a direct and  proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff has been prevented from attending to his usual duties and occupations and activities of daily living and may continue to suffer from same for an indefinite time into the future.

## COUNT I - NEGLIGENCE

## PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON.COM

15.    Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

16.    Defendant, Amazon.com, was at all times relevant to the events giving rise to this action acting by and through its employees, agents, representatives and/or subcontractors, and can properly be charged with the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*;

    (a)    Failing to yield to right-of-way traffic;

    (b)    Failure to maintain a lane;

Case ID: 220702248

(c)     Carelessly and recklessly turning his vehicle into oncoming traffic;

(d)     Driving at an excessive speed under the circumstances;

(e)     Failing to keep a proper lookout;

(f)     Failing to apply the breaks despite knowing an accident would occur otherwise;

(g)     Failing to avoid colliding with Plaintiff Vehicle;

(h)     Striking Plaintiff Vehicle;

(i)     Feeling the scene of an accident.

17.     As a direct and proximate result of the negligence of Defendant, Amazon.com, Plaintiff sustained those injuries and damages as set forth above.


WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon.com, for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

## COUNT II - NEGLIGENCE

## PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON LOGISTICS INC.

18.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

19.     Defendant, Amazon Logistics Inc., was at all times relevant to the events giving rise to this action acting by and through its employees, agents, representatives and/or subcontractors, and can properly be charged with the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*;

(a)     Failing to yield to right-of-way traffic;

(b)     Failure to maintain a lane;

(c)     Carelessly and recklessly turning his vehicle into oncoming traffic;

(d)     Driving at an excessive speed under the circumstances;

(e)     Failing to keep a proper lookout;

(f)     Failing to apply the breaks despite knowing an accident would occur

otherwise;

(g) Failing to avoid colliding with Plaintiff Vehicle;

(h) Striking Plaintiff Vehicle;

(i) Feeling the scene of an accident.

20. As a direct and proximate result of the negligence of Defendant, Amazon Logistics Inc., Plaintiff sustained those injuries and damages as set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon Logistics, Inc., for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

## COUNT III– RESPONDEAT SUPERIOR

## PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON.COM

21. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

22. As a direct and proximate cause of the negligence of Defendant, Amazon.com, discussed above, Plaintiff, sustained those injuries and damages discussed above.

23. Upon information and belief, Defendant, Amazon.com, by and through its employees, agents, representatives and/or subcontractors, was operating the Defendant Vehicle for the purpose of making deliveries for Defendant, Amazon.com, and in furtherance of their business and affairs.

24. As such, Defendant, Amazon.com, is vicariously liable for the actions of all Defendants in causing Plaintiff's injuries.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon.com, for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

Case ID: 220702248

## COUNT IV– RESPONDEAT SUPERIOR

## PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON LOGISTICS INC.

25.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

26.     As a direct and proximate cause of the negligence of Defendant, Amazon Logistics Inc., discussed above, Plaintiff, sustained those injuries and damages discussed above.

27.     Upon information and belief, Defendant, Amazon Logistics Inc., by and through its employees, agents, representatives and/or subcontractors, was operating the Defendant Vehicle for the purpose of making deliveries for Defendant, Amazon Logistics Inc., and in furtherance of their business and affairs.

28.     As such, Defendant, Amazon Logistics Inc., is vicariously liable for the actions of all Defendants in causing Plaintiff's injuries.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon Logistics Inc., for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

Respectfully Submitted,
**DEFINO LAW ASSOCIATES, P.C.**

Dated: July 26, 2022

/s/Chanté N. DePersia
CHANTE N. DEPERSIA, ESQUIRE
*Attorney for Plaintiff*

## **VERIFICATION**

I, Antonio Ligameri, make this verification and state that the averments contained herein are true and correct to the best of my knowledge information and belief.  This verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Dated: 7 26 22

Signed: _____
ANTONIO LIGAMERI

DEFINO LAW ASSOCIATES, P.C.
By: Chanté N. DePersia, Esquire
Attorney ID: 328708
2541 South Broad Street
Philadelphia, PA 19148
T: 215 551 9099
F: 215 551 4099
CND@DeFinoLawyers.com

*Filed and Attested by the*
*Office of Judicial Records*
*11 AUG 2022 03:42 pm*
*Attorney for Plaintiff B. MERCEDES*
PROTHONOTARY

| | |
|---|---|
| **ANTONIO LIGAMERI**<br>**129 MORRIS STREET**<br>**PHILADELPHIA, PA 19148**<br><br>**v.**<br><br>**AMAZON.COM**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109**<br><br>**AND**<br><br>**AMAZON LOGISTICS INC.**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br><br><br><br><br>**NO.: 220702248** |

## AFFIDAVIT OF SERVICE

**COMMONWEALTH OF PENNSYLVANIA** :

                                    **SS**

**COUNTY OF PHILADELPHIA**         :

    I, **CHANTÉ N. DePERSIA, ESQUIRE,** being duly sworn according to law, depose and state that I did serve Defendant, **AMAZON.COM**, a true and correct copy of the Civil Action Complaint on August 1, 2022 at 207 Boren Avenue North, Seattle, WA 98109 via Certified Mail and First Class U.S. Mail. A copy of the return receipt is attached hereto and is marked as Plaintiff's Exhibit "A".

**Sworn to and Subscribed**
**before me this** 11ᵗʰ **day**
**of** August **, 2022.**

_Julie C. Myers_
Notary Public

| |
|---|
| Commonwealth of Pennsylvania - Notary Seal<br>Julie C. Myers, Notary Public<br>Philadelphia County<br>My commission expires January 06, 2025<br>Commission number 1387911 |

/s/ Chanté N. DePersia
**CHANTÉ N. DePERSIA, ESQUIRE**

# Exhibit "A"

# Exhibit "A"

Case ID: 220702248



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amazon. Com
207 Boren Ave N.
Seattle, WA 98109

9590 9402 6582 1028 8810 69

2. Article Number (Transfer from service label)

7020 0640 0001 9582 5940

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  DG

☑ Agent
☐ Addressee

B. Received by (Printed Name)

AUG 0 1 22

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

SEA 22

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Case ID: 220702248

DEFINO LAW ASSOCIATES, P.C.
By: Chanté N. DePersia, Esquire
Attorney ID: 328708
2541 South Broad Street
Philadelphia, PA 19148
T: 215 551 9099
F: 215 551 4099
CND@DeFinoLawyers.com

*Attorney for Plaintiff*

Filed and Attested by the
Office of Judicial Records
11 AUG 2022 03:43 pm
B. MERCEDES

| | |
|---|---|
| **ANTONIO LIGAMERI**<br>**129 MORRIS STREET**<br>**PHILADELPHIA, PA 19148**<br><br>**v.**<br><br>**AMAZON.COM**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109**<br><br>**AND**<br><br>**AMAZON LOGISTICS INC.**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br><br><br>**NO.: 220702248** |

## AFFIDAVIT OF SERVICE

**COMMONWEALTH OF PENNSYLVANIA :**

SS

**COUNTY OF PHILADELPHIA          :**

I, **CHANTÉ N. DePERSIA, ESQUIRE**, being duly sworn according to law, depose and state that I did serve Defendant, **AMAZON LOGISTICS INC.**, a true and correct copy of the Civil Action Complaint on August 1, 2022 at 207 Boren Avenue North, Seattle, WA 98109 via Certified Mail and First Class U.S. Mail. A copy of the return receipt is attached hereto and is marked as Plaintiff's Exhibit "A".

Sworn to and Subscribed
before me this 11ᵗʰ day
of August          , 2022.

_Julie C. Myers_
**Notary Public**

/s/ Chanté N. DePersia
**CHANTÉ N. DePERSIA, ESQUIRE**

Commonwealth of Pennsylvania - Notary Seal
Julie C. Myers, Notary Public
Philadelphia County
My commission expires January 06, 2025
Commission number 1387911

Case ID: 220702248

# Exhibit "A"

# Exhibit "A"

Case ID: 220702248



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ameezon Logistics Inc.
207 Boren Ave N.
Seattle, WA 98109

9590 9402 6582 1028 8810 76

2. Article Number (Transfer from service label)
7020 0640 0001 9582 5926

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   DC
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
AUG 0 1 22

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

| | |
|---|---|
| ANTONIO LIGAMERI, | : COURT OF COMMON PLEAS |
| Plaintiff, | : PHILADELPHIA COUNTY |
| vs. | : CIVIL ACTION - LAW |
| | : |
| AMAZON.COM and | : No. 220702248 |
| AMAZON LOGISTICS, INC., | : |
| Defendants. | : |

Filed and Attested by the
Office of Judicial Records
20 JUN 2022 05:13 pm
I. LOWELL

## ORDER

**AND NOW**, this ___ day of _____, 2022, upon consideration of Defendants Amazon.com and Amazon Logistics, Inc.'s Preliminary Objections to Plaintiff, Antonio Ligameri's Complaint, the Memorandum of Law in Support thereof, and any response and reply thereto, it is hereby **ORDERED** that the Preliminary Objections are **SUSTAINED**.

It is further **ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

**BY THE COURT:**

_____

, J.

274035490v.1

|  | : |  |
|---|---|---|
| ANTONIO LIGAMERI, | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| Plaintiff, | : |  |
|  | : | CIVIL ACTION - LAW |
| vs. | : |  |
|  | : | No. 220702248 |
| AMAZON.COM and | : |  |
| AMAZON LOGISTICS, INC., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |
|  | : |  |

## ORDER

**AND NOW**, this ___ day of _____, 2022, upon consideration of Defendants Amazon.com and Amazon Logistics, Inc.'s Preliminary Objections to Plaintiff, Antonio Ligameri's Complaint, the Memorandum of Law in Support thereof, and any response and reply thereto, it is hereby **ORDERED** that the Preliminary Objections are **SUSTAINED**.

It is further **ORDERED** that Paragraphs 5, 7-14, 16, 19, 23, and 26, and any reference to Amazon's purported recklessness as asserted against Defendants Amazon.com and Amazon Logistics, Inc. in Plaintiff's Complaint are **STRICKEN with prejudice**.

**BY THE COURT:**

_____

_____, J.

274035490v.1

Case ID: 220702248
Control No.: 22083664

**NOTICE TO PLEAD**

TO: Plaintiff

You are hereby notified to file a written response to the enclosed Preliminary Objections of Defendants Amazon.com & Amazon Logistics, Inc. to Plaintiff's Complaint within twenty (20) days from service hereof or judgment may be entered against you.

_____

*Attorneys for Defendants Amazon.com & Amazon Logistics, Inc.*

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**
By:   Salvatore A. Clemente, Esquire
        Maria G. Perri-Quinn, Esquire
        Jared M. Smith, Esquire
Attorney ID: 80830/86737/321370
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Email:Salvatore.Clemente@wilsonelser.com
        Maria.Perri@wilsonelser.com
        Jared.Smith@wilsonelser.com

Attorney for Defendants,
*Amazon.com & Amazon Logistics, Inc.*

| | | |
|---|---|---|
| ANTONIO LIGAMERI, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | CIVIL ACTION -  LAW |
| vs. | : | |
| | : | No. 220702248 |
| AMAZON.COM and | : | |
| AMAZON LOGISTICS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**DEFENDANTS AMAZON.COM & AMAZON LOGISTICS, INC.'s PRELIMINARY**
**OBJECTIONS TO PLAINTIFF ANTONIO LIGAMERI'S COMPLAINT**

**COMES NOW**, Defendants Amazon.com & Amazon Logistics, Inc. (collectively,

"Amazon") by and through its counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, and

2

Case ID: 220702248
Control No.: 22083664

hereby preliminarily objects to Plaintiff, Antonio Ligameri's ("Plaintiff") Complaint as follows:

1.     On July 26, 2022, Plaintiff filed a Complaint against Amazon for damages allegedly sustained as a result of a motor vehicle incident that occurred when Plaintiff's vehicle was allegedly struck by a vehicle purportedly owned by Amazon.  *See* a true and correct copy of Plaintiff's Complaint attached hereto and marked as Exhibit "A" at ¶¶ 3, 5.

2.     Plaintiff alleges that an unnamed person operated Amazon's purported vehicle at the time of the incident, making a left turn from the right lane from Water Street onto Tasker Street, in Philadelphia, PA, during which this vehicle impacted with Plaintiff's vehicle. *See* Exhibit "A" at ¶¶ 7-8.

3.     Plaintiff alleges that as a result of this collision, his vehicle was "pulled several feet by the driver's side undercarriage until it came to rest on the sidewalk of East Tasker Street." *See* Exhibit "A" at ¶ 8.

4.     Plaintiff alleges, without any factual basis, that this vehicle was operated by "employees, agents, representatives, and/or subcontractors" of Amazon, and that as a result, Amazon is subject to both direct and vicarious liability. *See* Exhibit "A" at ¶¶ 7-14, 16, 19, 23, 26.

5.     Furthermore, Plaintiff scandalously alleges, without any factual support, that the purported vehicle operator "recklessly" caused the incident. *See* Exhibit "A" at ¶¶ 16(c), 19(c).

6.     Additionally, Plaintiff alleges, once again without any factual support, that the purported vehicle operator drove the vehicle at issue with an excessive speed "under the circumstances." *See* Exhibit "A" at ¶¶ 16(d), 19(d).

7.     Pursuant to the Pennsylvania Rules of Civil Procedure, Amazon's filing of these Preliminary Objections to Plaintiff's Complaint is timely.

274035490v.1

Case ID: 220702248
Control No.: 22083664

8.      Pennsylvania Rule of Civil Procedure 1028 allows for the filing of preliminary

objections by any party as a responsive pleading.  Specifically,

(a)  Preliminary objections may be filed by any party to any pleading and are limited to
     the following grounds:

     …

     (2) failure of a pleading to conform to law or rule of court or
     inclusion of scandalous or impertinent matter;

     (3) insufficient specificity in a pleading;

     (4) legal insufficiency of a pleading (demurrer);

     …

*See* Pa. R. Civ. P. § 1028(a)(2-4).

9.      Amazon now responds to Plaintiff's deficient Complaint pursuant to Pa. R. Civ.

P. 1028(a)(2-4) and request that this Honorable Court sustain Amazon's objections and dismiss

Plaintiff's Complaint against Amazon, or in the alternative, strike the offending paragraphs,

allegations, claims and prayers of Plaintiff's Complaint with prejudice.

**A.  Amazon's Preliminary Objection in the Nature of a Motion to Strike Paragraphs 5,
    7-14, 16, 19, 23, and 26 from Plaintiff's Complaint and/or Dismiss Plaintiff's
    Complaint Pursuant to Pa. R. Civ. P. 1028(a)(3-4)**

10.     Plaintiff alleges, without any factual support, that at the time of the motor vehicle

accident, the purported vehicle operator as operating a motor vehicle "owned" by Amazon as an

"employees, agents, representatives, and/or subcontractors" of Amazon. *See* Exhibit "A" at ¶¶ 5,

7-14, 16, 19, 23, 26.

11.     Further, Plaintiff alleges, without factual support, that Amazon is liable for

negligence as a result of this unfounded claim of agency due to the purported vehicle operator

operating the vehicle at issue with an excessive speed "under the circumstances." *See* Exhibit

4

Case ID: 220702248
Control No.: 22083664

"A" at ¶¶ 16(d), 19(d).

12.     Under Pennsylvania Rule of Civil Procedure 1028(a)(3-4), a party may file a preliminary objection to the insufficient factual specificity and the legal insufficiency of a pleading (*i.e.*, a demurrer).

13.     In considering a demurrer, the Court accepts the material facts pleaded in the complaint and any reasonable inferences therefrom.  *Powell v. Drumheller*, 653 A.2d 619 (Pa. 1995) (citations omitted).

14.     The Court "need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion."  *S. Union Twp. V. Dept. of Env. Protection*, 839 A.2d 1179, 1185 n.8 (Pa. Cmwlth. Ct. 2003) (citations omitted).

15.     Under Pennsylvania Rule of Civil Procedure 1019(a), "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form."  Pa. R. Civ. P. 1019(a).

16.     In addition to providing a defendant with notice of a claim and the claim's grounds, a plaintiff's complaint must also formulate the issues by summarizing facts essential to supporting the claim.  *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983).

17.     Instead of providing any factual basis whatsoever for the allegation that the purported vehicle operator as operating a motor vehicle "owned" by Amazon as an "employees, agents, representatives, and/or subcontractors" of Amazon, *see* Exhibit "A" at ¶¶ 5, 7-14, 16, 19, 23, 26, Plaintiff simply declares that the purported vehicle operator was an agent of and acted on behalf of Amazon, subjecting Amazon to liability.

18.     As such, the allegations set forth in Paragraphs 5, 7-14, 16, 19, 23, and 26 of

Case ID: 220702248
Control No.: 22083664

Plaintiff's Complaint must be stricken with prejudice, as factually and legally insufficient under Pa. R. Civ. P. l028(a)(3) and l028(a)(4).

19.     Further, Plaintiff fails to provide any factual basis for his allegations in Paragraphs 5, 7-14, 16, 19, 23, and 26, and instead makes general allegations against Amazon that it is vicariously liable as a result of the purported vehicle operator's negligence. *See* Exhibit "A" at ¶¶ 5, 7-14, 16, 19, 23, 26.

20.     Additionally, Plaintiff asserts overly broad, general, "boilerplate," "catch-all," ambiguous, and prejudicial averments against Defendants in Paragraphs 16(d) and 19(d) that lack factual basis and must be stricken with prejudice.

21.     The purpose of pleadings is to put a defendant on notice of the claims upon which it will have to defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.*, 805 A.2d 579, 588-89 (Pa. Super. 2002) (citing *McClellan v. Health Maintenance Organization of Pennsylvania*, 604 A.2d 1053 (Pa. Super. 1992), appeal denied, 616 A.2d 985 (Pa. 1992)).

22.     A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R. Civ. P. 1019(a).

23.     If a plaintiff fails to sufficiently plead material facts to support allegations within his complaint, a defendant can move to strike these allegations. *Connor v. Allegheny Hospital*, 461 A.2d 600, 602 n.3 (Pa. 1983).

24.     Pennsylvania law states that the lack of specificity of a pleading may be raised by way of Preliminary Objections, either in the nature of a Motion to Strike or for a more specific pleading due to lack of conformity to law or rule of court. Pa. R. Civ. P. 1028(a)(2)(3); *Connor v. Allegheny Hospital*, *supra*; *Arner v. Sokol*, 96 A.2d 854, 856 (Pa. 1953).

25.     Pennsylvania Courts have consistently applied this rule to strike down

274035490v.1

Case ID: 220702248
Control No.: 22083664

allegations which are overly broad and unduly vague. *See Medina v. Milton S. Hershey Medical Center*, 4 Pa. D & C. 5th 528 (Dauph. Co. 2008); *Rubeck v. Milroth*, 53 Pa. D. & C. 4th 548, 556 (Franklin Co. 2001).

26.     In *Connor*, the Supreme Court of Pennsylvania upheld the trial court's decision to permit the plaintiff to amend his complaint to allege an entirely new factual theory of liability on the first day of trial.

27.     The complaint had contained a general allegation that the defendant was negligent by "otherwise failing to use due care and caution under the circumstances" and the Court held that the new factual theory of liability put forth on the first day of trial merely "amplified" a general allegation of negligence contained in the complaint.

28.     However, upon examination of footnote 3 of Justice Larsen's Opinion, the Court clearly states that preliminary objections could have been filed seeking to strike "the boilerplate language" for failure to consist of a "concise and summary form of the material facts," or to seek some more specific allegations because it was way too indefinite.

29.     The defendant in *Connor* was found nonetheless to have waived any objection because there were no such preliminary objections filed.  *Id.* at 603 n.3.

30.     Footnote 3 of the *Connor* decision makes it clear that the mandate of Pa. R. Civ. P. 1019(a) is that such "catch-all" allegations of liability should be stricken as essentially meaningless.  In the years that followed *Connor*, courts have regularly struck down these vague and meaningless allegations.

31.     In the case of *Link v. Roberts*, 19 Centre County Legal J. 24 (1984), the Court—relying on *Connor*—granted the Defendant's Preliminary Objections.  Presiding Judge Brown first described the procedural posture of the case:

7

Case ID: 220702248
Control No.: 22083664

> [t]his matter comes before the Court upon Defendant's preliminary objections to Plaintiff's Complaint in the nature of a Motion for a More Specific Pleading, Motion to Strike and a Demurrer. Plaintiffs allege in their Complaint that Defendants negligently treated Plaintiff, Ann Harris Link, for fractured left radius and left ulna.  Defendants' Preliminary Objections are based upon a footnote in *Connor v. Allegheny Hospital*, Pa. 461 A.2d 600, 602 n.3 (1983) as well as Pa.R.C.P. 1019(a).

*Id.*

32. After reviewing the *Connor* decision, the Court stated:

> [t]o avoid the issue that arose in Connor, this Court must grant Defendants' Motion to Strike with regard to those allegations in Plaintiffs' Complaint that refer to Defendants' acts which are "otherwise negligent." To hold otherwise would require Defendants to prepare to defend against every possible cause of action that might fall within the ambit of the language "otherwise failed to use due care." *Clearly, this imposes an impossible burden upon Defendants*.

*Id*. at 25 (emphasis added).

33. The *Link* Court went on to state:

> [t]he result of our holding does not prejudice Plaintiffs.  This court will consider granting leave to amend the Complaint at any state of the proceedings.  For that reason, the Court notes that Defendants' Motion to Strike is the appropriate vehicle to remedy the deficiencies in Plaintiffs' Complaint rather than Motion for a More Specific Pleading.  If plaintiffs *wish* to be more specific at a later time, they may move for leave to amend their Complaint.

*Id*. at 26 (emphasis in original).  *Accord Badowski v. Acme Markets*, 80 Luz. Leg. R. 44 (1990) ("*Connor*" allegations of boilerplate acts are too general as to provide defendant with information sufficient to prepare a defense); *Farmer v. Rhoads*, 43 D&C 3rd 393 (CCP Chester Co. 1986) (amended pleading necessary where allegations so vague averments do not notify defendant of negligence charged); *Pakral v. Park*, 48 Fayette L.J. 68 (1984) ("*Connor*" allegations do not apprise defendant of the claim which plaintiff intends to prove at trial).

34.    Paragraphs 16(d) and 19(d) of Plaintiff's Complaint allege, without any factual

8

Case ID: 220702248
Control No.: 22083664

support, that Amazon is liable because the purported vehicle operator drove the vehicle at issue with an excessive speed "under the circumstances." *See* Exhibit "A" at ¶¶ 16(d), 19(d).

35.     It is unclear from Plaintiff's Complaint what "other circumstances" Plaintiff references in these allegations.

36.     These "catch-all" allegations of negligence are of exactly the type which should be stricken pursuant to Pa. R. Civ. P. 1019(a), *Link*, and *Connor*.

37.     Allowing insufficient allegations such as these to survive would severely prejudice Amazon, as these allegations are nothing more than legal conclusions and general "boilerplate" allegations, and cannot possibly be construed as informing Amazon of any facts of the underlying action.

38.     If these allegations are not stricken, Amazon will have to speculate and prepare defenses to a litany of possible theories of liability that only *may* be covered by the language of these averments.

39.     Amazon should not be forced to expend resources and time in defending against unlimited possible theories of liability that are not properly pled or supported by the facts contained in the Complaint.

40.     Amazon would be prejudiced from having to prepare a defense to not only countless theories of liability, only to later have to prepare a defense to a new theory brought in through the "amplification" backdoor as what occurred in *Connor*.

41.     "Amplification" of the allegations of Plaintiff's Complaint could result in Plaintiff effectively raising a new theory of liability well beyond the running of the statute of limitations, which would then present Amazon with a myriad of prejudices which such statutes are fundamentally designed to protect.

274035490v.1

Case ID: 220702248
Control No.: 22083664

42.     As such, the allegations set forth in Paragraphs 5, 7-14, 16, 19, 23, and 26 of the Plaintiff's Complaint must be stricken with prejudice.

**B.  Amazon's Preliminary Objection in the Nature of a Motion to Strike Paragraphs 16(c) 19(c), and any reference to Amazon's purported recklessness from Plaintiff's Complaint and/or Dismiss Plaintiff's Complaint Pursuant to Pa. R. Civ. P. 1028(a)(2-4)**

43.     Plaintiff's Complaint generally alleges, without any factual support, that the motor vehicle accident was caused by the purported vehicle operator "recklessly" causing the incident. *See* Exhibit "A" at ¶¶ 16(c), 19(c).

44.     Plaintiff's Complaint does not set forth material facts supporting allegations of recklessness.

45.     Plaintiff's Complaint does not set forth material facts with any specificity so as to enable Amazon to answer the allegations of recklessness, but rather, only generally alleges that the incident was caused by, *inter alia*, Amazon's recklessness without providing any basis for such general allegations.

46.     Plaintiff fails to provide any support for his claims against Amazon, let alone any support that rises to the level of recklessness.

47.     Plaintiff fails to provide any support that this unknown, unidentified driver was working for Amazon or that Amazon had any such knowledge of this driver that would rise to the level of recklessness.

48.     Pa. R. Civ. P. 1028(a)(3) permits the filing of preliminary objections for insufficient specificity.

49.     Additionally, Pa. R. Civ. P. 1019(a) requires that the material facts supporting a cause of action shall be stated in a concise and summary form.

50.     To comply with Pa. R. Civ. P. 1019(a), a complaint must set out material,

274035490v.1

Case ID: 220702248
Control No.: 22083664

relevant, and well-pleaded facts to support the allegations of liability. *See Azar v. Lutz*, 2019 Pa. Super. Unpub. LEXIS 537 *8-9 (Pa. Super. Feb. 19, 2019).

51.     Amazon should not be forced to waste time and resources defending against vague, unsupported allegations which are not properly pleaded or supported by facts contained in Plaintiff's Complaint.

52.     Clearly, Plaintiff's allegations of Amazon's recklessness in the Complaint fail to meet the pleading requirements set forth in Pa. R. Civ. P. 1019(a), which mandate that a complaint set out material, relevant, well-pleaded facts upon which the plaintiff depends to show the allegations of liability. *See Azar*, 2019 Pa. Super. Unpub. LEXIS 537 at *8-9.

53.     Plaintiff's pleading contains no such facts.

54.     Further, Plaintiff's allegations of Amazon's recklessness in the Complaint are clearly indicative of an intention to seek punitive damages against Amazon in this matter which are unsupported by any facts alleged in the Complaint.

55.     A claim for punitive damages must be supported by evidence that a defendant had a subjective appreciation of a risk of harm to which a plaintiff was exposed and that the defendant acted in conscious disregard of that risk. *See Hutchinson v. Luddy*, 870 A.2d 766, 771-2 (Pa. 2005) (citing *Martin v. Johns-Mansville Corp.*, 494 A.2d 1088, 1097-8 (Pa. 1985)).

56.     Plaintiff fails to provide any support that this unknown, unidentified driver was working for Amazon or that Amazon had any such knowledge of this driver that would rise to a "subjective appreciation of a risk of harm to which a plaintiff was exposed and that the defendant acted in conscious disregard of that risk." *Id.*

57.     At best, Plaintiff's allegations against Amazon aver nothing more than ordinary negligence and fail to support a claim involving any outrageous conduct or conscious disregard

11

Case ID: 220702248
Control No.: 22083664

of risk which is required under Pennsylvania law. *See Valentino v. Philadelphia Triathlon, LLC*, 150 A.3d 483, 489 (Pa. Super. 2016).

58.     Facts and details of Amazon's alleged recklessness, as required by Pa. R. Civ. P. 1019, which would allow Amazon to evaluate the claims and prepare a proper defense, are simply not found in the Complaint.

59.     Accordingly, Plaintiff's allegations of Amazon's recklessness contained in the Complaint fail to meet the specificity requirements of Pa. R. Civ. P. 1019, as the Complaint is devoid of any supporting facts; as alleged, these allegations aver nothing more than ordinary negligence and fail to support a claim involving any outrageous conduct or conscious disregard of risk on the part of Amazon. *See Valentino*, 150 A.3d at 489.

60.     Therefore, Amazon's Preliminary Objection to strike the allegations of recklessness in Plaintiff's Complaint has been properly filed and should be sustained.

**WHEREFORE**, Defendants Amazon.com & Amazon Logistics, Inc. (collectively, "Amazon") respectfully request this Honorable Court enter an Order in the form annexed hereto, dismissing Plaintiff's Complaint with prejudice, or in the alternative, striking Paragraphs 5, 7-14, 16, 19, 23, and 26, and any reference to Amazon's purported recklessness from Plaintiff's Complaint.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

Salvatore A. Clemente, Esquire
Attorney for Defendants
*Amazon.com & Amazon Logistics, Inc.*

Date: August 20, 2022

12

Case ID: 220702248
Control No.: 22083664

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**
By:   Salvatore A. Clemente, Esquire
         Maria G. Perri-Quinn, Esquire
         Jared M. Smith, Esquire
Attorney ID: 80830/86737/321370
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Email: Salvatore.Clemente@wilsonelser.com
         Maria.Perri@wilsonelser.com
         Jared.Smith@wilsonelser.com

Attorney for Defendants,
*Amazon.com & Amazon Logistics, Inc.*

|  |  |  |
|---|---|---|
| ANTONIO LIGAMERI, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | CIVIL ACTION - LAW |
| vs. | : | |
| | : | No. 220702248 |
| AMAZON.COM and | : | |
| AMAZON LOGISTICS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AMAZON.COM & AMAZON LOGISTICS, INC.'s PRELIMINARY OBJECTIONS TO PLAINTIFF ANTONIO LIGAMERI'S COMPLAINT

**COMES NOW**, Defendants Amazon.com & Amazon Logistics, Inc. (collectively,

"Amazon") by and through its counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, and

hereby files the instant Memorandum of Law in Support of their Preliminary Objections to

Plaintiff, Antonio Ligameri's ("Plaintiff") Complaint as follows:

**I.   MATTER BEFORE THE COURT**

Amazon's Preliminary Objections to Plaintiff's Complaint.

**II.   STATEMENT OF QUESTIONS INVOLVED**

Case ID: 220702248
Control No.: 22083664

1.      Should any allegations as to the purported vehicle operator as operating a motor vehicle "owned" by Amazon as an "employees, agents, representatives, and/or subcontractors" and/or acting within the course and scope of any employment with Amazon, and/or acting on behalf of Amazon, including Paragraphs 7-14, 16, 19, 23, 26, be stricken from Plaintiff's Complaint as factually and legally insufficient pursuant to Pa. R. Civ. P. 1028(a)(3) and (4)?

      **Suggested Answer:   YES.**

2.      Should any allegations as to the purported recklessness of Amazon, including Paragraphs 16(c) and 19(c), be stricken from Plaintiff's Complaint as scandalous and impertinent, and factually and legally insufficient pursuant to Pa. R. Civ. P. 1028(a)(2-4)?

      **Suggested Answer:   YES.**

3.      Should this Honorable Court dismiss with prejudice Paragraphs 16(d) and 19(d) from Plaintiff's Complaint because Plaintiff failed to provide a factual basis for the claim and it is therefore legally insufficient pursuant to Pa. R. Civ. P. 1028(a)(3-4) and 1019(a)?

      **Suggested Answer:   YES.**

## III.    ALLEGED FACTUAL BACKGROUND

On July 26, 2022, Plaintiff filed a Complaint against Amazon for damages allegedly sustained as a result of a motor vehicle incident that occurred when Plaintiff's vehicle was allegedly struck by a vehicle purportedly owned by Amazon.  *See* a true and correct copy of Plaintiff's Complaint attached hereto and marked as Exhibit "A" at ¶¶ 3, 5.

Plaintiff alleges that an unnamed person operated Amazon's purported vehicle at the time of the incident, making a left turn from the right lane from Water Street onto Tasker Street, in Philadelphia, PA, during which this vehicle impacted with Plaintiff's vehicle. *See* Exhibit "A" at ¶¶ 7-8. Plaintiff alleges that as a result of this collision, his vehicle was "pulled several feet by

14

Case ID: 220702248
Control No.: 22083664

the driver's side undercarriage until it came to rest on the sidewalk of East Tasker Street." *See* Exhibit "A" at ¶ 8. Plaintiff alleges, without any factual basis, that this vehicle was operated by "employees, agents, representatives, and/or subcontractors" of Amazon, and that as a result, Amazon is subject to both direct and vicarious liability. *See* Exhibit "A" at ¶¶ 7-14, 16, 19, 23, 26. Furthermore, Plaintiff scandalously alleges, without any factual support, that the purported vehicle operator "recklessly" caused the incident. *See* Exhibit "A" at ¶¶ 16(c), 19(c). Additionally, Plaintiff alleges, once again without any factual support, that the purported vehicle operator drove the vehicle at issue with an excessive speed "under the circumstances." *See* Exhibit "A" at ¶¶ 16(d), 19(d).

Pursuant to the Pennsylvania Rules of Civil Procedure, Amazon's filing of these Preliminary Objections to Plaintiff's Complaint is timely.

## IV.    ARGUMENT

### A.  Standard of Review

Pennsylvania Rule of Civil Procedure 1028 allows for the filing of preliminary objections by any party as a responsive pleading. Specifically, a party may file preliminary objections on the following grounds:

> …
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
>
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer);
>
> …

Pa. R. Civ. P. 1028(a)(2-4).

15

Case ID: 220702248
Control No.: 22083664

Amazon now responds to Plaintiff's deficient Complaint pursuant to Pa. R. Civ. P. 1028(a)(2-4) and request that this Honorable Court sustain Amazon's objections and dismiss Plaintiff's Complaint against Amazon, or in the alternative, strike the offending paragraphs, allegations, claims and prayers with prejudice.

**B.  Amazon's Preliminary Objection in the Nature of a Motion to Strike Paragraphs 5, 7-14, 16, 19, 23, and 26 from Plaintiff's Complaint and/or Dismiss Plaintiff's Complaint Pursuant to Pa. R. Civ. P. 1028(a)(3-4)**

Plaintiff alleges, without any factual support, that at the time of the motor vehicle accident, the purported vehicle operator as operating a motor vehicle "owned" by Amazon as an "employees, agents, representatives, and/or subcontractors" of Amazon. *See* Exhibit "A" at ¶¶ 5, 7-14, 16, 19, 23, 26. Further, Plaintiff alleges, without factual support, that Amazon is liable for negligence as a result of this unfounded claim of agency due to the purported vehicle operator operating the vehicle at issue with an excessive speed "under the circumstances." *See* Exhibit "A" at ¶¶ 16(d), 19(d).

Under Pennsylvania Rule of Civil Procedure 1028(a)(3-4), a party may file a preliminary objection to the insufficient factual specificity and the legal insufficiency of a pleading (*i.e.*, a demurrer).  In considering a demurrer, the Court accepts the material facts pleaded in the complaint and any reasonable inferences therefrom.  *Powell v. Drumheller*, 653 A.2d 619 (Pa. 1995) (citations omitted).  The Court "need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion."  *S. Union Twp. V. Dept. of Env. Protection*, 839 A.2d 1179, 1185 n.8 (Pa. Cmwlth. Ct. 2003) (citations omitted).

Under Pennsylvania Rule of Civil Procedure 1019(a), "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form."  Pa. R. Civ. P. 1019(a). In addition to providing a defendant with notice of a claim and the claim's grounds, a

274035490v.1

Case ID: 220702248
Control No.: 22083664

plaintiff's complaint must also formulate the issues by summarizing facts essential to supporting the claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983).

Instead of providing any factual basis whatsoever for the allegation that the purported vehicle operator as operating a motor vehicle "owned" by Amazon as an "employees, agents, representatives, and/or subcontractors" of Amazon, *see* Exhibit "A" at ¶¶ 5, 7-14, 16, 19, 23, 26, Plaintiff simply declares that the purported vehicle operator was an agent of and acted on behalf of Amazon, subjecting Amazon to liability. As such, the allegations set forth in Paragraphs 5, 7-14, 16, 19, 23, and 26 of Plaintiff's Complaint must be stricken with prejudice, as factually and legally insufficient under Pa. R. Civ. P. l028(a)(3) and l028(a)(4). Further, Plaintiff fails to provide any factual basis for his allegations in Paragraphs 5, 7-14, 16, 19, 23, and 26, and instead makes general allegations against Amazon that it is vicariously liable as a result of the purported vehicle operator's negligence. *See* Exhibit "A" at ¶¶ 5, 7-14, 16, 19, 23, 26. Additionally, Plaintiff asserts overly broad, general, "boilerplate," "catch-all," ambiguous, and prejudicial averments against Defendants in Paragraphs 16(d) and 19(d)that lack factual basis and must be stricken with prejudice.

The purpose of pleadings is to put a defendant on notice of the claims upon which it will have to defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.*, 805 A.2d 579, 588-89 (Pa. Super. 2002) (citing *McClellan v. Health Maintenance Organization of Pennsylvania*, 604 A.2d 1053 (Pa. Super. 1992), appeal denied, 616 A.2d 985 (Pa. 1992)). A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R. Civ. P. 1019(a). If a plaintiff fails to sufficiently plead material facts to support allegations within his complaint, a defendant can move to strike these allegations.

*Connor v. Allegheny Hospital*, 461 A.2d 600, 602 n.3 (Pa. 1983). Pennsylvania law states that the lack of specificity of a pleading may be raised by way of Preliminary Objections, either in the nature of a Motion to Strike or for a more specific pleading due to lack of conformity to law or rule of court. Pa. R. Civ. P. 1028(a)(2)(3); *Connor v. Allegheny Hospital*, *supra*; *Arner v. Sokol*, 96 A.2d 854, 856 (Pa. 1953). Pennsylvania Courts have consistently applied this rule to strike down allegations which are overly broad and unduly vague. *See Medina v. Milton S. Hershey Medical Center*, 4 Pa. D & C. 5th 528 (Dauph. Co. 2008); *Rubeck v. Milroth*, 53 Pa. D. & C. 4th 548, 556 (Franklin Co. 2001).

In *Connor*, the Supreme Court of Pennsylvania upheld the trial court's decision to permit the plaintiff to amend his complaint to allege an entirely new factual theory of liability on the first day of trial. The complaint had contained a general allegation that the defendant was negligent by "otherwise failing to use due care and caution under the circumstances" and the Court held that the new factual theory of liability put forth on the first day of trial merely "amplified" a general allegation of negligence contained in the complaint. However, upon examination of footnote 3 of Justice Larsen's Opinion, the Court clearly states that preliminary objections could have been filed seeking to strike "the boilerplate language" for failure to consist of a "concise and summary form of the material facts," or to seek some more specific allegations because it was way too indefinite. The defendant in *Connor* was found nonetheless to have waived any objection because there were no such preliminary objections filed. *Id*. at 603 n.3. Footnote 3 of the *Connor* decision makes it clear that the mandate of Pa. R. Civ. P. 1019(a) is that such "catch-all" allegations of liability should be stricken as essentially meaningless. In the years that followed *Connor*, courts have regularly struck down these vague and meaningless allegations.

274035490v.1

Case ID: 220702248
Control No.: 22083664

In the case of *Link v. Roberts*, 19 Centre County Legal J. 24 (1984), the Court—relying on *Connor*—granted the Defendant's Preliminary Objections.  Presiding Judge Brown first described the procedural posture of the case:

> [t]his matter comes before the Court upon Defendant's preliminary objections to Plaintiff's Complaint in the nature of a Motion for a More Specific Pleading, Motion to Strike and a Demurrer. Plaintiffs allege in their Complaint that Defendants negligently treated Plaintiff, Ann Harris Link, for fractured left radius and left ulna.  Defendants' Preliminary Objections are based upon a footnote in *Connor v. Allegheny Hospital*, Pa. 461 A.2d 600, 602 n.3 (1983) as well as Pa.R.C.P. 1019(a).

*Id.* After reviewing the *Connor* decision, the Court stated:

> [t]o avoid the issue that arose in Connor, this Court must grant Defendants' Motion to Strike with regard to those allegations in Plaintiffs' Complaint that refer to Defendants' acts which are "otherwise negligent." To hold otherwise would require Defendants to prepare to defend against every possible cause of action that might fall within the ambit of the language "otherwise failed to use due care." *Clearly, this imposes an impossible burden upon Defendants*.

*Id*. at 25 (emphasis added). The *Link* Court went on to state:

> [t]he result of our holding does not prejudice Plaintiffs.  This court will consider granting leave to amend the Complaint at any state of the proceedings.  For that reason, the Court notes that Defendants' Motion to Strike is the appropriate vehicle to remedy the deficiencies in Plaintiffs' Complaint rather than Motion for a More Specific Pleading.  If plaintiffs *wish* to be more specific at a later time, they may move for leave to amend their Complaint.

*Id*. at 26 (emphasis in original).  *Accord Badowski v. Acme Markets*, 80 Luz. Leg. R. 44 (1990) ("*Connor*" allegations of boilerplate acts are too general as to provide defendant with information sufficient to prepare a defense); *Farmer v. Rhoads*, 43 D&C 3rd 393 (CCP Chester Co. 1986) (amended pleading necessary where allegations so vague averments do not notify

274035490v.1

Case ID: 220702248
Control No.: 22083664

defendant of negligence charged); *Pakral v. Park*, 48 Fayette L.J. 68 (1984) (*"Connor"*

allegations do not apprise defendant of the claim which plaintiff intends to prove at trial).

Paragraphs 16(d) and 19(d) of Plaintiff's Complaint alleges, without any factual support,

that Amazon is liable because the purported vehicle operator drove the vehicle at issue with an

excessive speed "under the circumstances." *See* Exhibit "A" at ¶¶ 16(d), 19(d). It is unclear from

Plaintiff's Complaint what "other circumstances" Plaintiff references in these allegations. These

"catch-all" allegations of negligence are of exactly the type which should be stricken pursuant to

Pa. R. Civ. P. 1019(a), *Link*, and *Connor*.  Allowing insufficient allegations such as these to

survive would severely prejudice Amazon, as these allegations are nothing more than legal

conclusions and general "boilerplate" allegations, and cannot possibly be construed as informing

Amazon of any facts of the underlying action.

If these allegations are not stricken, Amazon will have to speculate and prepare

defenses to a litany of possible theories of liability that only *may* be covered by the language of

these averments.  Amazon should not be forced to waste resources and time in defending against

unlimited possible theories of liability that are not properly pled or supported by the facts

contained in the Complaint. Amazon would be prejudiced from having to prepare a defense to not

only countless theories of liability, only to later have to prepare a defense to a new theory

brought in through the "amplification" backdoor as what occurred in *Connor*.  "Amplification"

of the allegations of Plaintiff's Complaint could result in Plaintiff effectively raising a new

theory of liability well beyond the running of the statute of limitations, which would then present

Amazon with a myriad of prejudices which such statutes are fundamentally designed to protect.

As such, the allegations set forth in Paragraphs 5, 7-14, 16, 19, 23, and 26 of the

Plaintiff's Complaint must be stricken with prejudice.

274035490v.1

Case ID: 220702248
Control No.: 22083664

**C. Amazon's Preliminary Objection in the Nature of a Motion to Strike Paragraphs 16(c) 19(c), and any reference to Amazon's purported recklessness from Plaintiff's Complaint and/or Dismiss Plaintiff's Complaint Pursuant to Pa. R. Civ. P. 1028(a)(2-4)**

Plaintiff's Complaint generally alleges, without any factual support, that the motor vehicle accident was caused by the purported vehicle operator "recklessly" causing the incident. *See* Exhibit "A" at ¶¶ 16(c), 19(c).Plaintiff's Complaint does not set forth material facts supporting allegations of recklessness. Plaintiff's Complaint does not set forth material facts with any specificity so as to enable Amazon to answer the allegations of recklessness, but rather, only generally alleges that the incident was caused by, *inter alia*, Amazon's recklessness without providing any basis for such general allegations. Plaintiff fails to provide any support for his claims against Amazon, let alone any support that rises to the level of recklessness. Plaintiff fails to provide any support that this unknown, unidentified driver was working for Amazon or that Amazon had any such knowledge of this driver that would rise to the level of recklessness.

Pa. R. Civ. P. 1028(a)(3) permits the filing of preliminary objections for insufficient specificity. Additionally, Pa. R. Civ. P. 1019(a) requires that the material facts supporting a cause of action shall be stated in a concise and summary form. To comply with Pa. R. Civ. P. 1019(a), a complaint must set out material, relevant, and well-pleaded facts to support the allegations of liability. *See Azar v. Lutz*, 2019 Pa. Super. Unpub. LEXIS 537 *8-9 (Pa. Super. Feb. 19, 2019).

Amazon should not be forced to waste time and resources defending against vague, unsupported allegations which are not properly pleaded or supported by facts contained in Plaintiff's Complaint. Clearly, Plaintiff's allegations of Amazon's recklessness in the Complaint fail to meet the pleading requirements set forth in Pa. R. Civ. P. 1019(a), which mandate that a complaint set out material, relevant, well-pleaded facts upon which the plaintiff depends to show

21

Case ID: 220702248
Control No.: 22083664

the allegations of liability. *See Azar*, 2019 Pa. Super. Unpub. LEXIS 537 at *8-9.  Plaintiff's

pleading contains no such facts. Further, Plaintiff's allegations of Amazon's recklessness in the

Complaint are clearly indicative of an intention to seek punitive damages against Amazon in this

matter which are unsupported by any facts alleged in the Complaint.

A claim for punitive damages must be supported by evidence that a defendant had a

subjective appreciation of a risk of harm to which a plaintiff was exposed and that the defendant

acted in conscious disregard of that risk. *See Hutchinson v. Luddy*, 870 A.2d 766, 771-2 (Pa.

2005) (citing *Martin v. Johns-Mansville Corp.*, 494 A.2d 1088, 1097-8 (Pa. 1985)). Plaintiff fails

to provide any support that this unknown, unidentified driver was working for Amazon or that

Amazon had any such knowledge of this driver that would rise to a "subjective appreciation of a

risk of harm to which a plaintiff was exposed and that the defendant acted in conscious disregard

of that risk." *Id*. At best, Plaintiff's allegations against Amazon aver nothing more than ordinary

negligence and fail to support a claim involving any outrageous conduct or conscious disregard

of risk which is required under Pennsylvania law. *See Valentino v. Philadelphia Triathlon, LLC*,

150 A.3d 483, 489 (Pa. Super. 2016).  Facts and details of Amazon's alleged recklessness, as

required by Pa. R. Civ. P. 1019, which would allow Amazon to evaluate the claims and prepare a

proper defense, are simply not found in the Complaint. Accordingly, Plaintiff's allegations of

Amazon's recklessness contained in the Complaint fail to meet the specificity requirements of

Pa. R. Civ. P. 1019, as the Complaint is devoid of any supporting facts; as alleged, these

allegations aver nothing more than ordinary negligence and fail to support a claim involving any

outrageous conduct or conscious disregard of risk on the part of Amazon. *See Valentino*, 150

A.3d at 489.

274035490v.1

Case ID: 220702248
Control No.: 22083664

Therefore, Amazon's Preliminary Objection to strike the allegations of recklessness in Plaintiff's Complaint has been properly filed and should be sustained.

## V.    RELIEF REQUESTED

Amazon respectfully requests this Honorable Court enter an Order in the form annexed hereto, dismissing Plaintiff's Complaint with prejudice, or in the alternative, strike the offending paragraphs, allegations, claims and prayers of Plaintiff's Complaint with prejudice.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

_____
Salvatore A. Clemente, Esquire
Attorney for Defendants
*Amazon.com & Amazon Logistics, Inc.*

Date: August 20, 2022

23

Case ID: 220702248
Control No.: 22083664

## <u>VERIFICATION</u>

I, Salvatore A. Clemente, Esquire, state that I am acquainted with the facts set forth in the foregoing Preliminary Objections, that same are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa.C.S.A § 4904 relating to unsworn falsification to authorities.

_____
Salvatore A. Clemente

Date: August 20, 2022

274035490v.1

Case ID: 220702248
Control No.: 22083664

## CERTIFICATE OF SERVICE

I, Salvatore A. Clemente, Esquire, attorney for Defendants Amazon.com and Amazon Logistics, Inc., hereby certify that a true and correct copy of the foregoing, Preliminary Objections, was electronically filed *via* ECF and therefore viewable and deemed served on all counsel of record pursuant 231 Pa. Code 205.4 (g)(2)(ii) or by U.S. mail on all other parties.

_____
Salvatore A. Clemente

Date:  August 20, 2022

25

274035490v.1

Case ID: 220702248
Control No.: 22083664

# EXHIBIT "A"

Case ID: 220702248
Control No.: 22083664

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JULY 2022**

E-Filing Number: 2207050895

**002248**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANTONIO LIGAMERI | AMAZON.COM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 129 MORRIS STREET PHILADELPHIA PA 19148 | 207 BOREN AVENUE NORTH SEATTLE WA 98109 |

RECEIVED

AUG 0 1 2022

AMAZON.COM, INC.
LEGAL DEPARTMENT

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | AMAZON LOGISTICS INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 207 BOREN AVENUE NORTH SEATTLE WA 98109 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☐ Jury ☒ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

**CASE TYPE AND CODE**

2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** JUL 26 2022 **E. HAURIN** | IS CASE SUBJECT TO COORDINATION ORDER? YES       NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ANTONIO LIGAMERI</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| CHANTE N. DEPERSIA | 2541 S BROAD STREET PHILADELPHIA PA 19148 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)551-9099 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 328708 | cnd@definolawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| CHANTE DEPERSIA | Tuesday, July 26, 2022, 04:03 pm |

Case ID: 220702248
Control No.: 22083664

DEFINO LAW ASSOCIATES, P.C.
By: Chanté N. DePersia, Esquire
Attorney ID: 328708
2541 South Broad Street
Philadelphia, PA 19148
T: 215 551 9099
F: 215 551 4099
CND@DeFinoLawyers.com

*Filed and Attested by the Office of Judicial Records*
*Attorney for Plaintiff* JUL 2022 04:03 pm
E. HAURIN

| | |
|---|---|
| **ANTONIO LIGAMERI**<br>**129 MORRIS STREET**<br>**PHILADELPHIA, PA 19148**<br><br>v.<br><br>**AMAZON.COM**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109**<br><br>**AND**<br><br>**AMAZON LOGISTICS INC.**<br>**207 BOREN AVENUE NORTH**<br>**SEATTLE, WA 98109** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br><br><br>**NO.:** |

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**LAWYER REFERENCE SERVICE**
**1101 MARKET STREET, 11TH FLOOR**
**PHILADELPHIA, PA  19107-2911**
**(215) 238-6333**

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL**
**1101 MARKET STREET, 11TH FLOOR**
**FILADELFIA, PA  19107-2911**
**(215) 238-6333**

Case ID: 220702248
Control No.: 22083464

## COMPLAINT IN CIVIL ACTION

1.      Plaintiff, Antonio Ligameri, is an adult individual who at all times material hereto resided at the above address and at all times material was the owner and operator of a vehicle (hereinafter "Plaintiff Vehicle"),which was involved in the accident in question.

2.      Defendant, Amazon.com, is a limited liability corporation registered in Delaware and duly organized and licensed to transact business in the Commonwealth of Pennsylvania and can be served at 207 Boren Avenue North, Seattle, WA 98109.

3.      Amazon.com is duly registered and authorized and actually does do business in Philadelphia, Pennsylvania, and was the owner of and/or was responsible for the vehicle (hereinafter "Defendant Vehicle"),which was involved in the accident in question.

4.      Defendant, Amazon Logistics Inc., is a corporation registered in Delaware and duly organized and licensed to transact business in the Commonwealth of Pennsylvania and can be served at 207 Boren Avenue North, Seattle, WA 98109.

5.      Amazon Logistics Inc. is duly registered and authorized and actually does do business in Philadelphia, Pennsylvania, and was the owner of and/or was responsible for the vehicle (hereinafter "Defendant Vehicle"),which was involved in the accident in question.

6.      On or about November 9, 2021, Plaintiff, operating Plaintiff Vehicle, was traveling northbound on Water Street in the left lane and approached the stop sign at East Tasker Street.

7.      On or about November 9, 2021, Defendant, by and through its employees, agents, representatives and/or subcontractors, operating Defendant Vehicle, was traveling northbound on Water Street in the right lane and approached the stop sign at East Tasker Street.

8.      At this time, both vehicles came to the stop sign at East Tasker Street simultaneously, and Defendant, by and through its employees, agents, representatives and/or subcontractors, proceeded to make a left turn onto East Tasker Street from the right lane, when he suddenly and without warning or signal, struck Plaintiff Vehicle with such severe impact that Plaintiff Vehicle was pulled several feet by the driver's side undercarriage until it came to rest on the sidewalk of East Tasker Street.

9.      Defendant, by and through its employees, agents, representatives and/or

Case ID: 220702248
Control No.: 22070364

subcontractors, operating Defendant Vehicle then fled the scene of the accident.

10. As a direct and proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff sustained very serious and grave injuries which include but are not limited to the following: injuries to his neck, cervical spine and lumbar spine.

11. As a direct and proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff was caused to undergo various medical procedures and sustain various medical expenses.

12. As a direct and proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff was caused to suffer serious pain and agony and may continue same for an indefinite time in the future.

13. As a direct and proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff will continue to incur various medical expenses into the future for the injuries he has sustained.

14. As a direct and proximate result of the negligence of Defendant, by and through its employees, agents, representatives and/or subcontractors, Plaintiff has been prevented from attending to his usual duties and occupations and activities of daily living and may continue to suffer from same for an indefinite time into the future.

## COUNT I - NEGLIGENCE

### PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON.COM

15. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

16. Defendant, Amazon.com, was at all times relevant to the events giving rise to this action acting by and through its employees, agents, representatives and/or subcontractors, and can properly be charged with the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*;

   (a) Failing to yield to right-of-way traffic;

   (b) Failure to maintain a lane;


Case ID: 220702248
Control No.: 22083064

(c)   Carelessly and recklessly turning his vehicle into oncoming traffic;

(d)   Driving at an excessive speed under the circumstances;

(e)   Failing to keep a proper lookout;

(f)   Failing to apply the breaks despite knowing an accident would occur otherwise;

(g)   Failing to avoid colliding with Plaintiff Vehicle;

(h)   Striking Plaintiff Vehicle;

(i)   Feeling the scene of an accident.

17.     As a direct and proximate result of the negligence of Defendant, Amazon.com, Plaintiff sustained those injuries and damages as set forth above.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon.com, for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

## COUNT II - NEGLIGENCE

## PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON LOGISTICS INC.

18.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

19.     Defendant, Amazon Logistics Inc., was at all times relevant to the events giving rise to this action acting by and through its employees, agents, representatives and/or subcontractors, and can properly be charged with the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*;

(a)   Failing to yield to right-of-way traffic;

(b)   Failure to maintain a lane;

(c)   Carelessly and recklessly turning his vehicle into oncoming traffic;

(d)   Driving at an excessive speed under the circumstances;

(e)   Failing to keep a proper lookout;

(f)   Failing to apply the breaks despite knowing an accident would occur

otherwise;

(g) Failing to avoid colliding with Plaintiff Vehicle;

(h) Striking Plaintiff Vehicle;

(i) Feeling the scene of an accident.

20. As a direct and proximate result of the negligence of Defendant, Amazon Logistics Inc., Plaintiff sustained those injuries and damages as set forth above.


WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon Logistics, Inc., for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

## COUNT III– RESPONDEAT SUPERIOR

## PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON.COM

21. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

22. As a direct and proximate cause of the negligence of Defendant, Amazon.com, discussed above, Plaintiff, sustained those injuries and damages discussed above.

23. Upon information and belief, Defendant, Amazon.com, by and through its employees, agents, representatives and/or subcontractors, was operating the Defendant Vehicle for the purpose of making deliveries for Defendant, Amazon.com, and in furtherance of their business and affairs.

24. As such, Defendant, Amazon.com, is vicariously liable for the actions of all Defendants in causing Plaintiff's injuries.


WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon.com, for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

## COUNT IV– RESPONDEAT SUPERIOR

## PLAINTIFF, ANTONIO LIGAMERI, v. DEFENDANT, AMAZON LOGISTICS INC.

25.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

26.     As a direct and proximate cause of the negligence of Defendant, Amazon Logistics Inc., discussed above, Plaintiff, sustained those injuries and damages discussed above.

27.     Upon information and belief, Defendant, Amazon Logistics Inc., by and through its employees, agents, representatives and/or subcontractors, was operating the Defendant Vehicle for the purpose of making deliveries for Defendant, Amazon Logistics Inc., and in furtherance of their business and affairs.

28.     As such, Defendant, Amazon Logistics Inc., is vicariously liable for the actions of all Defendants in causing Plaintiff's injuries.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant, Amazon Logistics Inc., for an amount in excess of fifty thousand dollars ($50,000.00) but not in excess of seventy-five thousand dollars ($75,000.00).

Respectfully Submitted,
**DEFINO LAW ASSOCIATES, P.C.**

Dated: July 26, 2022                /s/Chanté N. DePersia
                                    CHANTE N. DEPERSIA, ESQUIRE
                                    *Attorney for Plaintiff*



**VERIFICATION**

    I, Antonio Ligameri, make this verification and state that the averments contained herein are true and correct to the best of my knowledge information and belief.  This verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Dated: _____

Signed: _____
                          ANTONIO LIGAMERI



702006400001988259926

USPS Certified Mail

702006400001988259926

Envelope                          1

Legal          8/1/2022 10:59:29 AM

legal-mail@amazon.com

**SEA40**

SEA40.10.220.A2

Legal

TEAM

AMAZON.COM
207 BOREN AVENUE NORTH
SEATTLE, WA 98109

Attn: Chanté N. DePersia, Esq.
DeFino Law Associates, P.C.
2541 S. Broad Street
Philadelphia, PA 19148



7020 0640 0001 9582 5926



CERTIFIED MAIL

US POSTAGE
quadient
FIRST-CLASS MAIL
IMI
$007.82
07/29/2022 ZIP 19148
043M30210502

Case ID: 220702248
Control No.: 22083664

FILED
25 AUG 2022 12:11 pm
Civil Administration
F. HEWITT

| | |
|---|---|
| **ANTONIO LIGAMERI** | **COURT OF COMMON PLEAS** |
| | **PHILADELPHIA COUNTY** |
| **v.** | |
| **AMAZON.COM** | **NO.: 220702248** |
| **AND** | |
| **AMAZON LOGISTICS, INC.** | |

 

      **AND NOW  on this                    day of                    2022**, upon consideration of

Defendants' Preliminary Objections and Plaintiff's Response in Opposition it is hereby **ORDERED**

**AND DECREED**  that Defendants' Preliminary Objections are **OVERRULED.**

 

 

_____

**DEFINO LAW ASSOCIATES, P.C.**
**By: Chanté N. DePersia, Esquire**
**Attorney ID: 328708**                                    *Attorney for Plaintiff*
**2541 South Broad Street**
**Philadelphia, PA 19148**
**T: 215 551 9099**
**F: 215 551 4099**
**CND@DeFinoLawyers.com**

| | |
|---|---|
| **ANTONIO LIGAMERI** | **COURT OF COMMON PLEAS** |
| **v.** | **PHILADELPHIA COUNTY** |
| **AMAZON.COM** | |
| **AND** | **NO.: 220702248** |
| **AMAZON LOGISTICS, INC.** | |

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT</u>

Plaintiff, by and through his attorneys, DeFino Law Associates, P.C. hereby respond to the preliminary objections in opposition and in summary, argue that the Complaint is very specific that the Defendants' vehicle struck the Plaintiff's vehicle while making a left turn from the right lane and then dragged the Plaintiff's vehicle several feet. Additionally, Plaintiff has clear video and photographic evidence of the entire accident and a clearly-marked Amazon vehicle was driven by an employee, agent, representative or subcontractor of Defendants, who then fled the accident scene. These circumstances provide clear evidence of the fact that Defendant was fleeing to avoid police intercept. In further support of Plaintiffs' response in opposition, Plaintiff responds in paragraph form to Defendants' preliminary objection averments as follows:

1. Admitted in part, denied in part. Plaintiff filed a complaint, it is denied that a vehicle owned by Defendants allegedly struck Plaintiff's vehicle. It is clear that a vehicle owned by Defendants struck Plaintiff's vehicle.

Case ID: 220702248
Control No.: 22083664

2. Admitted in part, denied in part.  Plaintiff filed a complaint, it is denied that a vehicle owned by Defendants allegedly struck Plaintiff's vehicle.  It is clear that a vehicle owned by Defendants struck Plaintiff's vehicle.

3. Admitted.

4. Admitted in part, denied in part.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

5. Admitted in part, denied in part.  It is admitted that Plaintiff makes said allegation.  It is denied that Plaintiff lacks "factual support" as the security footage clearly shows the entire accident.  By way of further response, the actions of Defendant as plead actually are outrageous and support wanton and reckless conduct in disregard for the safety of others since Defendant actually fled the scene.  Bannar v. Miller, 701 A.2d 232, 242 (Pa. Super. Ct. 1997) (citing SHV Coal v. Continental Grain Co., 587 A.2d 702 (Pa. 1991).

6. Admitted in part, denied in part.  It is admitted that Plaintiff makes said allegation.  It is denied that Plaintiff lacks "factual support" as the security footage clearly shows the entire accident.

7. No response is required as this is a conclusion of law.

8. No response is required as this is a conclusion of law.

9. No response is required as this is a conclusion of law.

10. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

11. Denied.  It is denied that Plaintiff lacks "factual support" as the security footage clearly shows the entire accident.

12. No response is required as this is a conclusion of law.

13. No response is required as this is a conclusion of law.

14. No response is required as this is a conclusion of law.

15. No response is required as this is a conclusion of law.

16. No response is required as this is a conclusion of law.

17. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

18. No response is required as this is a conclusion of law.

19. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

20. Denied.  Defendant speaks in terms of "factual evidence" yet ignores the fact that this is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, the security footage speaks for itself.

21. No response is required as this is a conclusion of law.

22. No response is required as this is a conclusion of law.

23. No response is required as this is a conclusion of law.

24. No response is required as this is a conclusion of law.

25. No response is required as this is a conclusion of law.

26. No response is required as this is a conclusion of law.

27. No response is required as this is a conclusion of law.

28. No response is required as this is a conclusion of law.

29. No response is required as this is a conclusion of law.

30. No response is required as this is a conclusion of law.

31. No response is required as this is a conclusion of law.

32. No response is required as this is a conclusion of law.

33. No response is required as this is a conclusion of law.

34. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

35. Denied.  Defendant speaks in terms of "factual evidence" yet ignores the fact that this is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, the security footage speaks for itself.

36. No response is required as this is a conclusion of law.

37. No response is required as this is a conclusion of law.

38. Denied.  This is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, the security footage speaks for itself.

39. Denied.  This is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, the security footage speaks for itself.

40. Denied.  This is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, the security footage speaks for itself.

41. Denied.  This is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, the security footage speaks for itself.

42. No response is required as this is a conclusion of law.

43. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

44. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

45. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

46. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

47. No response is required as this is a conclusion of law.

48. No response is required as this is a conclusion of law.

49. No response is required as this is a conclusion of law.

50. No response is required as this is a conclusion of law.

51. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

52. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

53. Denied.  This is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, the security footage speaks for itself.

54. Denied.  Plaintiff makes said allegations based on security footage showing a clearly marked "Amazon" vehicle striking Plaintiff's vehicle according to the allegations made in Complaint and subsequently fleeing.  Said security footage is available upon request and/or during the Discovery process.

55. No response is required as this is a conclusion of law.  Should a response be required, if we are to take Defendants' "conscience disregard" for the standard, Plaintiff has met it as clearly Defendants' actions as alleged establish that he "voluntarily" caused his vehicle to flee the scene.

56. No response is required as this is a conclusion of law.  Should a response be required, if we are to take Defendants' "conscience disregard" for the standard, Plaintiff has met it as clearly Defendants' actions as alleged establish that he "voluntarily" caused his vehicle to flee the scene.

57. No response is required as this is a conclusion of law.  Should a response be required, if we are to take Defendants' "conscience disregard" for the standard, Plaintiff has met it as clearly Defendants' actions as alleged establish that he "voluntarily" caused his vehicle to flee the scene.

58. No response is required as this is a conclusion of law.  Should a response be required, if we are to take Defendants' "conscience disregard" for the standard, Plaintiff has met it as clearly Defendants' actions as alleged establish that he "voluntarily" caused his vehicle to flee the scene.

59. Denied.  This is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.   However, the security footage speaks for itself.

60. No response is required as this is a conclusion of law.  Should a response be required, if we are to take Defendants' "conscience disregard" for the standard, Plaintiff has met it as clearly Defendants' actions as alleged establish that he "voluntarily" caused his vehicle to flee the scene.


WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections and enter the attached Order denying same.



Respectfully Submitted,

**DEEFINO LAW ASSOCIATES, P.C.**

Dated: 8/25/22

_____/s/_____
CHANTE N. DEPERSIA, ESQ.

**DEFINO LAW ASSOCIATES, P.C.**
**By: Chanté N. DePersia, Esquire**
**Attorney ID: 328708**                                      *Attorney for Plaintiff*
**2541 South Broad Street**
**Philadelphia, PA 19148**
**T: 215 551 9099**
**F: 215 551 4099**
**CND@DeFinoLawyers.com**

|  |  |
|---|---|
| **ANTONIO LIGAMERI**<br><br>**v.**<br><br>**AMAZON.COM**<br><br>**AND**<br><br>**AMAZON LOGISTICS, INC.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**NO.: 220702248** |

**PLAINTIFF'S MEMO OF LAW IN SUPPORT OF THEIR RESPONSE IN OPPOSITION**
**TO DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

I.      MATTER BEFORE THE COURT

Defendant's Preliminary Objections to recklessness and punitive damages requests.

II.     QUESTION PRESENTED

Is Defendant's fleeing the scene specific enough to establish his reckless, outrageous

conduct?

       *YES*

III.    FACTS

Plaintiff incorporates their Complaint herein.

IV.     ARGUMENT

The actions of Defendants as plead actually are outrageous and support wanton and reckless

conduct in disregard for the safety of others since Defendants actually fled the scene, and in doing so

they disregarded the safety of others in a reckless fashion (if not intentional) as they fled. Bannar v.

Miller, 701 A.2d 232, 242 (Pa. Super. Ct. 1997) (citing SHV Coal v. Continental Grain Co., 587

Case ID: 220702248
Control No.: 22083664

A.2d 702 (Pa. 1991). There are several specific facts included in the Complaint about why Defendants' conduct was reckless.  Moreover, it is supoorted by security footage.

Furthermore, the allegations of recklessness are not general at all; Plaintiff's allegations are incredibly specific.

Defendants speak in terms of "factual evidence" yet ignore the fact that this is the pleading stage and facts have been sufficiently and specifically plead; whether they can be proven with evidence is a different question for another day.  However, as stated above, the security footsge speaks for itself.

V.      RELIEF REQUESTED

As such, Plaintiff has plead specific facts which support a claim for punitive damages and therefore request an Order Overruling Defendants' Objections.

Respectfully Submitted,

**DEEFINO LAW ASSOCIATES, P.C.**

Dated: 8/25/22

_____/s/_____
CHANTE N. DEPERSIA, ESQ.

<u>CERTIFICATION</u>

I hereby certify that a true copy of this Response in Opposition to Defendants' Preliminary

Objections were filed on or about 8/25/22 and e-served on all counsel of record.

Respectfully Submitted,

**DEEFINO LAW ASSOCIATES, P.C.**

Dated: 8/25/22

_____/s/_____
CHANTE N. DEPERSIA, ESQ.

**FILED**
29 AUG 2022 04:47 pm
Civil Administration
D. KIM

**WILSON ELSER MOSKOWITZ**                          Attorney for Defendants,
**EDELMAN & DICKER, LLP**                            *Amazon.com & Amazon Logistics, Inc.*
By:    Salvatore A. Clemente, Esquire
         Maria G. Perri-Quinn, Esquire
         Jared M. Smith, Esquire
Attorney ID: 80830/86737/321370
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Email: Salvatore.Clemente@wilsonelser.com
          Maria.Perri@wilsonelser.com
          Jared.Smith@wilsonelser.com

| | | |
|---|---|---|
| ANTONIO LIGAMERI, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | CIVIL ACTION - LAW |
| vs. | : | |
| | : | No. 220702248 |
| AMAZON.COM and | : | |
| AMAZON LOGISTICS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS AMAZON.COM & AMAZON LOGISTICS, INC.'s REPLY
MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS TO
PLAINTIFF ANTONIO LIGAMERI'S COMPLAINT**

**COMES NOW**, Defendants Amazon.com & Amazon Logistics, Inc. (collectively,

"Amazon") by and through its counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, and

hereby files the instant Reply Memorandum of Law in Support of their Preliminary Objections to

Plaintiff, Antonio Ligameri's ("Plaintiff") Complaint as follows:

Plaintiff makes repeated reference to "security footage" he or his counsel is in possession

of that purportedly shows an "'Amazon' vehicle striking Plaintiff's vehicle according to the

allegations made in Complaint and subsequently fleeing," something that Plaintiff refers to as

showing "the entire accident." *See* Pl. Resp. in Opp., ¶¶ 4-6, 10-11, 17, 19-20, 34-35, 38-41, 43-

Case ID: 220702248
Control No.: 22083664

46, 51-54, 59. This "security footage" is not referenced in any allegation of Plaintiff's

Complaint. *See generally,* Exhibit "A" to Amazon's Preliminary Objections. Plaintiff also

declares, without providing any factual allegations in support, that "It is clear that a vehicle

owned by Defendants [Amazon] allegedly struck Plaintiff's vehicle." *See* Pl. Resp. in Opp., ¶¶ 1-

2. Further, Plaintiff, for the first time, now represents to this Court that this "security footage"

provides "clear evidence of the fact that Defendant [Amazon] was fleeing to avoid police

intercept." *See* Pl. Resp. in Opp., 1.  In effect, Plaintiff now declares that he possesses video

evidence showing that <u>Amazon itself</u> hit him with a vehicle and then fled the scene to avoid

police. Not only is such an allegation wildly inflammatory and without any factual basis in any

allegation in his Complaint, but Plaintiff ignores the fact that he clearly alleges that Amazon's

"employees, agents, representatives, and/or subcontractors" operated the purported vehicle that

struck Plaintiff's vehicle during this incident, and <u>not Amazon</u>. *See* Exhibit "A" to Amazon's

Preliminary Objections, ¶ 7.

     This alleged "security footage" video has yet to be supplied to Amazon's counsel, and

furthermore has yet to be supplied to this Court. Plaintiff instead simply declares that such

"security footage" exists and therefore his allegations are not only valid, but in fact the

inflammatory allegations that Amazon itself acted "recklessly" are valid.  Additionally, Plaintiff

now declares, <u>for the first time</u>, that Amazon's own conduct is purportedly "outrageous and

support wanton and reckless conduct in disregard for the safety of others since Defendant

actually fled the scene." *See* Pl. Resp. in Opp., ¶ 5; Pl. "Memo" of Law in Support, 1-2. Such an

inflammatory statement is not only not present in any allegation of Plaintiff's Complaint, but

Plaintiff provides absolutely no facts that might support such an inflammatory allegation, save

for reference to the "security footage" that Plaintiff has yet to provide to either Amazon or this

2

Case ID: 220702248
Control No.: 22083664

Court.

Plaintiff simply declares that "security footage" exists of this incident and that it not only subjects Amazon to both direct and vicarious liability, but in fact also rises to reckless conduct, or even more The fact remains that Plaintiff has yet to produce this purported "security footage" to either Amazon or this Court, let alone even make any attempt whatsoever to identify the alleged "employees, agents, representatives, and/or subcontractors" that Plaintiff admits operated the purported vehicle that struck Plaintiff's vehicle during this incident.  Simply stated, the allegation that the purported vehicle bore Amazon's name and then allegedly fled an accident, while simultaneously alleging that alleged "employees, agents, representatives, and/or subcontractors" operated the vehicle at issue, provides absolutely no support for anything other than a simple negligence allegation against Amazon.  Plaintiff fails to provide any factual support, including this "security footage," in support of his argument that Amazon itself was reckless, either directly or vicariously, that might be legally sufficient to impute reckless conduct, and an eventual demand for punitive damages against Amazon. Further, Plaintiff provides absolutely no authority for the proposition that simple reference to unidentified video footage in a reply to preliminary objections, and not in his Complaint, can serve to justify inclusion of such scandalous, impertinent, and inflammatory language in his Complaint.

Finally, Plaintiff appears to simply reference this unidentified "security footage" as grounds for why its unsupported Paragraphs 5, 7-14, 16, 19, 23, and 26 should not be stricken from his Complaint. *See* Pl. Resp. in Opp., ¶¶ 10-42. In fact, his "Memo of Law in Support" fails to even attempt to argue that these Paragraphs should not be stricken. *See generally*, Pl. "Memo" of Law in Support.  However, reference to this unidentified and unsupplied "security footage" fails to provide the factual specificity and legal sufficiency that Pa. R. Civ. P. 1028(a)(3-4)

Case ID: 220702248
Control No.: 22083664

require.  Plaintiff simply declares that because this "security footage" shows a vehicle bearing Amazon's name, that his unsupported allegations in Paragraphs 5, 7-14, 16, 19, 23, and 26 are valid. This is quite an expansive reading of the specificity and sufficiency requirements of Pa. R. Civ. P. 1028(a)(3-4), and Plaintiff fails to supply any caselaw or other authority that might serve to justify such an expansive interpretation.

Accordingly, Amazon respectfully requests that this Honorable Court enter an Order in the form annexed to its Preliminary Objections, dismissing Plaintiff's Complaint, with prejudice, or in the alternative, strike the offending paragraphs, allegations, claims and prayers of Plaintiff's Complaint, with prejudice.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

Salvatore A. Clemente, Esquire
Attorney for Defendants
*Amazon Logistics, Inc. & Amazon.com Inc.*

Date: <u>August 29, 2022</u>

4

Case ID: 220702248
Control No.: 22083664

## <u>CERTIFICATE OF SERVICE</u>

I, Salvatore A. Clemente, Esquire, attorney for Defendants, Amazon.com & Amazon Logistics, Inc., hereby certify that a true and correct copy of the foregoing, Reply Memorandum of Law in Support of their Preliminary Objections to Plaintiff' Complaint, was electronically filed *via* ECF and therefore viewable and deemed served on all counsel of record pursuant 231 Pa. Code 205.4 (g)(2)(ii) or by U.S. mail on all other parties.

 

 

_____

Salvatore A. Clemente

Date: August 29, 2022

5

**FILED**
30 AUG 2022 12:48 pm
Civil Administration
F. HEWITT

**DEFINO LAW ASSOCIATES, P.C.**
**By: Chanté N. DePersia, Esquire**
**Attorney ID: 328708**                           *Attorney for Plaintiff*
**2541 South Broad Street**
**Philadelphia, PA 19148**
**T: 215 551 9099**
**F: 215 551 4099**
**CND@DeFinoLawyers.com**

| | |
|---|---|
| **ANTONIO LIGAMERI** | **COURT OF COMMON PLEAS** |
| **v.** | **PHILADELPHIA COUNTY** |
| **AMAZON.COM** | **NO.: 220702248** |
| **AND** | |
| **AMAZON LOGISTICS, INC.** | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

Plaintiff, by and through his attorneys, DeFino Law Associates, P.C. hereby respond to

Defendants' Memorandum of Law in Support of Defendants' Preliminary Objections in

opposition and in summary, argue that the Complaint is very specific that the Defendants'

vehicle struck the Plaintiff's vehicle while making a left turn from the right lane and then

dragged the Plaintiff's vehicle several feet.  Additionally, Plaintiff has clear video and

photographic evidence of the entire accident and a clearly-marked Amazon vehicle was driven

by an employee, agent, representative or subcontractor of Defendants, who then fled the accident

scene.  These circumstances provide clear evidence of the fact that Defendant was fleeing to

avoid police intercept.

In further support of Plaintiffs' response in opposition, Plaintiff's Counsel provided

Defendants' counsel with security footage as a courtesy on August 29, 2022 via email.  Please

see email attached hereto as Exhibit "A."  Therefore, defense counsel intentionally misleads this

Case ID: 220702248
Control No.: 22083664

Court as requested Discovery has been provided.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court overrule

defendants' Preliminary Objections and award counsel fees for frivolous filings.


Respectfully Submitted,

**DEEFINO LAW ASSOCIATES, P.C.**

Dated: 8/30/22

_____/s/_____
CHANTE N. DEPERSIA, ESQ.

<u>CERTIFICATION</u>

I hereby certify that a true copy of this Response in Opposition to Defendants' Preliminary

Objections were filed on or about 8/30/22 and e-served on all counsel of record.

Respectfully Submitted,

**DEEFINO LAW ASSOCIATES, P.C.**

Dated: 8/30/22

_____/s/_____
CHANTE N. DEPERSIA, ESQ.

Case ID: 220702248
Control No.: 22083664

# Exhibit "A"

# Exhibit "A"

Case ID: 220702248
Control No.: 22083664



Chanté DePersia <cnd@definolawyers.com>

**Antonio Ligameri v. Amazon.com and Amazon Logistics, Inc. - PCCP No. 220702248, Our File No. 22080.01413**

5 messages

**Smith, Jared** <Jared.Smith@wilsonelser.com>                                    Fri, Aug 26, 2022 at 3:20 PM
To: "CND@definolawyers.com" <CND@definolawyers.com>
Cc: "Clemente, Salvatore A." <Salvatore.Clemente@wilsonelser.com>

Good afternoon Ms. DePersia,

I am assisting Attorney Salvatore Clemente with the above-referenced matter. We received your client's filed response to Defendants Amazon.com and Amazon Logistics, Inc.'s Preliminary Objections, that notes your office has video and photographic evidence regarding the subject incident that you would be willing to share upon request. Would you kindly be able to provide this material for our office to review in lieu of a formal discovery request for same?

Additionally, if you have some availability next week, please let me know and we can connect to discuss this case and your client.

Best regards,

Jared Smith
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
Two Commerce Square, 2001 Market Street, Suite 3100
Philadelphia, PA 19103
215.606.3932 (Direct)
724.331.0438 (Cell)
215.627.6900 (Main)
215.627.2665 (Fax)
jared.smith@wilsonelser.com

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.

**Chanté DePersia** <cnd@definolawyers.com>                                   Mon, Aug 29, 2022 at 11:05 AM
To: "Smith, Jared" <Jared.Smith@wilsonelser.com>
Cc: "Clemente, Salvatore A." <Salvatore.Clemente@wilsonelser.com>
Bcc: Chanté DePersia <cnd@definolawyers.com>

Good morning,

Please find the video footage and photos attached.  Please also advise some days and times you are available to discuss upon review.  Thank you.
[Quoted text hidden]
--
Chanté N. DePersia, Esquire
DeFino Law Associates, P.C.
2541 S. Broad Street

<span style="color:red">Case ID: 220702248
Control No.: 22083664</span>

Philadelphia, PA  19148
T – 215-551-9099
F – 215-551-4099
www.definolawyers.com



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify via email or by telephone at (215) 551-9099 and then delete the message and its attachments from your computer.

**3 attachments**



**IMG_6077001.jpg**
710K

**MOV_81281 (1).3gp**
377K

**IMG_57820704.MOV**
4064K

---

**Smith, Jared** <Jared.Smith@wilsonelser.com>                                         Mon, Aug 29, 2022 at 2:26 PM
To: Chanté DePersia <cnd@definolawyers.com>
Cc: "Clemente, Salvatore A." <Salvatore.Clemente@wilsonelser.com>

Good afternoon Ms. DePersia,

Thank you for providing these for our review. Would you kindly advise of your availability later this week, perhaps Thursday or Friday, to discuss this case and your client?

Best regards,

Jared Smith
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
Two Commerce Square, 2001 Market Street, Suite 3100
Philadelphia, PA 19103
215.606.3932 (Direct)
724.331.0438 (Cell)
215.627.6900 (Main)
215.627.2665 (Fax)
jared.smith@wilsonelser.com

**From:** Chanté DePersia [mailto:cnd@definolawyers.com]
**Sent:** Monday, August 29, 2022 11:06 AM
**To:** Smith, Jared <Jared.Smith@wilsonelser.com>
**Cc:** Clemente, Salvatore A. <Salvatore.Clemente@wilsonelser.com>
**Subject:** Re: Antonio Ligameri v. Amazon.com and Amazon Logistics, Inc. - PCCP No. 220702248, Our File No. 22080.01413

[EXTERNAL EMAIL]

[Quoted text hidden]

[Quoted text hidden]

---

**Chanté DePersia** <cnd@definolawyers.com>                                         Tue, Aug 30, 2022 at 11:36 AM
To: "Smith, Jared" <Jared.Smith@wilsonelser.com>
Cc: "Clemente, Salvatore A." <Salvatore.Clemente@wilsonelser.com>
Bcc: Chanté DePersia <cnd@definolawyers.com>

Next week is better for me.

Do you intend to withdraw the PO's?

<span style="color:red">Case ID: 220702248
Control No.: 22083664</span>

[Quoted text hidden]

**Smith, Jared** <Jared.Smith@wilsonelser.com>
To: Chanté DePersia <cnd@definolawyers.com>
Cc: "Clemente, Salvatore A." <Salvatore.Clemente@wilsonelser.com>

Tue, Aug 30, 2022 at 11:44 AM

Ms. DePersia,

Our office filed a Reply Brief in support of Amazon's Preliminary Objections on August 29, 2022.

Do you have some availability possibly next Tuesday or Wednesday (August 6 or 7) to chat? I'll make myself available per your schedule.

Best regards,

Jared

[Quoted text hidden]
[Quoted text hidden]

Case ID: 220702248
Control No.: 22083664

FILED
31 AUG 2022 10:09 am
Civil Administration
T. BARRETT

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**                          Attorney for Defendants,
By:    Salvatore A. Clemente, Esquire           *Amazon.com & Amazon Logistics, Inc.*
        Maria G. Perri-Quinn, Esquire
        Jared M. Smith, Esquire
Attorney ID: 80830/86737/321370
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Email: Salvatore.Clemente@wilsonelser.com
         Maria.Perri@wilsonelser.com
         Jared.Smith@wilsonelser.com

| | | |
|---|---|---|
| ANTONIO LIGAMERI, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| | : | No. 220702248 |
| AMAZON.COM and | : | |
| AMAZON LOGISTICS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANTS AMAZON.COM & AMAZON LOGISTICS, INC.'s *SUR SUR* REPLY MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS TO PLAINTIFF ANTONIO LIGAMERI'S COMPLAINT

**COMES NOW**, Defendants Amazon.com & Amazon Logistics, Inc. (collectively, "Amazon") by and through its counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, and hereby files the instant *Sur Sur* Reply Memorandum of Law in Support of their Preliminary Objections to Plaintiff, Antonio Ligameri's ("Plaintiff") Complaint as follows:

Plaintiff's *Sur* Reply, titled a "Response in Opposition to Defendants' Memorandum of Law in Support of Defendant's Preliminary Objections to Plaintiff's Complaint" makes inflammatory accusations of Amazon's counsel and demands the award of "counsel fees for frivolous filings", but once again fails respond to the fact that the alleged "video and photographic evidence" of a minor accident that Plaintiff references is <u>not in his Complaint</u>, and

274963584v.1

<u>cannot</u> serve to justify inclusion of such scandalous, impertinent, and inflammatory language in his Complaint. Plaintiff further ham-handily and baselessly alleges that Amazon's counsel "intentionally misleads this Court", and then has the temerity to seek unspecified amount of fees.

Specifically, Plaintiff states that his counsel provided the "security footage" on August 29, 2022 via email. Amazon acknowledges that Plaintiff's counsel provided the "security footage" referenced as a courtesy on this date, and Amazon's Reply Brief in Support of its Preliminary Objections, filed on the same date, inadvertently did not remove that Plaintiff's counsel had yet to provide the alleged video. However, Plaintiff fails respond to the fact that this "security footage" is not part of the pleadings, not referenced in any manner in Plaintiff's Complaint and lacks authenticity. Plaintiff did not include an affidavit to its author or its authenticity to the undersigned or this Court. In short, Plaintiff would have this Court simply take notice of alleged "security footage" that is not only not referenced in his Complaint, but also unauthenticated. Moreover, an apparent slow moving side impact side swipe caused by Plaintiff improperly passing the alleged Amazon vehicle on a single lane street while it was making a left turn does not support that <u>Amazon itself</u>, either directly or vicariously, that may have acted in a reckless manner, and an eventual demand for punitive damages against Amazon. Further, Plaintiff provides absolutely no authority for the proposition that simple reference to unauthenticated video footage in a reply to preliminary objections, <u>and not in his Complaint</u>, can serve to justify inclusion of such scandalous, impertinent, and inflammatory language in his Complaint. Even if it was now supplied to this Court, it cannot be used as a basis for dismissing Amazon's preliminary objections. *See* Pa. R. Civ. P. 1028(c)(2) Note (stating that "preliminary objections raising an issue under subdivision (a) (2) , (3) or (4) may be determined from facts of record so that further evidence is not required").

274963584v.1

Case ID: 220702248
Control No.: 22083664

Further, Plaintiff seeks counsel fees for what he refers to as "intentionally misleading this Court" and "frivolous filings" yet provides absolutely no authority for what amount of fees ought to be awarded, much less the basis for any such fees.  As noted herein, Amazon acknowledges that Plaintiff's counsel provided the "security footage" referenced as a courtesy on this date, and Amazon's Reply Brief in Support of its Preliminary Objections, filed on the same date, mistakenly referenced the fact that Plaintiff's counsel had yet to provide this footage to Amazon's counsel. However, Plaintiff fails respond to the fact that this "security footage" has yet to be supplied to the Court, or referenced in any manner in Plaintiff's Complaint. Amazon's preliminary objection to dismiss unsupported allegations Amazon's own conduct, either directly or vicariously, that might be legally sufficient to impute reckless conduct, and an eventual demand for punitive damages against Amazon fail to rise to the level of "frivolous filings" that Plaintiff references.

Finally, as noted in Amazon's Reply Memorandum of Law, Plaintiff has never once attempted to argue that his Complaint's unsupported Paragraphs 5, 7-14, 16, 19, 23, and 26 should not be stricken from his Complaint.  Instead, Plaintiff simply references this unauthenticated "security footage" that is neither referenced in the Complaint nor supplied to this Court.  Even if it was now supplied, it cannot be used as a basis for dismissing Amazon's preliminary objections. *See* Pa. R. Civ. P. 1028(c)(2) Note (stating that "preliminary objections raising an issue under subdivision (a) (2) , (3) or (4) may be determined from facts of record so that further evidence is not required").

Accordingly, Amazon respectfully requests that this Honorable Court enter an Order in the form annexed to its Preliminary Objections, dismissing Plaintiff's Complaint, with prejudice, or in the alternative, strike the offending paragraphs, allegations, claims and prayers of Plaintiff's

Case ID: 220702248
Control No.: 22083664

Complaint, with prejudice.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

_____
Salvatore A. Clemente, Esquire
Attorney for Defendants
_Amazon Logistics, Inc. & Amazon.com Inc._

Date: August 31, 2022

Case ID: 220702248
Control No.: 22083664

## <u>CERTIFICATE OF SERVICE</u>

I, Salvatore A. Clemente, Esquire, attorney for Defendants, Amazon.com & Amazon Logistics, Inc., hereby certify that a true and correct copy of the foregoing, *Sur Sur* Reply Memorandum of Law in Support of Defendants, Amazon.com & Amazon Logistics, Inc.'s Preliminary Objections to Plaintiff' Complaint, was electronically filed *via* ECF and therefore viewable and deemed served on all counsel of record pursuant 231 Pa. Code 205.4 (g)(2)(ii) or by U.S. mail on all other parties.

 

 

_____

Salvatore A. Clemente

Date: August 31, 2022

Case ID: 220702248
Control No.: 22083664

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL SECTION

ANTONIO LIGAMERI,                 :

       Plaintiff,                 :

                               :        **JULY TERM, 2022**

       VS.                      :

                               :        **No. 02248**

AMAZON.COM and AMAZON LOGISTICS,   :
INC.,                           :

                               :

       **Defendants.**            :

                               :

---

## ORDER

     **AND NOW**, this 26th day of September, 2022, upon consideration of Defendants'

Preliminary Objections to the Complaint, and Plaintiff's response thereto, it is hereby

**ORDERED and DECREED** that said Objections are **OVERRULED.**


                               **BY THE COURT:**


**DATE:** _9/26/2022_                      _Glynnis P. Hill_

                               **HONORABLE GLYNNIS D. HILL**

220702248-Ligameri Vs Amazon.Com Etal

22070224800013

                                      Case ID: 220702248
                                      Control No.: 22083664

ANTONIO LIGAMERI,

     Plaintiffs,

     vs.

AMAZON.COM AND AMAZON LOGISITCS, INC.

     Defendants.

Court of Common Pleas
Philadelphia County
Civil Division

Docket No.: 220702248



<span style="color:red">Filed and Attested by the
Office of Judicial Records
14 OCT 2022 02:23 pm
G. IMPERATO</span>

---

## <u>CERTIFICATE PREREQUISITE TO SERVICE OF A SUBPOENA PURSUANT TO RULE 4009.22</u>

As a prerequisite to service of a subpoena for documents and things pursuant to Rule 4009.22,

     RecordTrak, on behalf of <u>SALVATORE A. CLEMENTE</u> , certifies that:

(1) a notice of intent to serve the subpoena with a copy of the subpoena attached thereto was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served,

(2) a copy of the notice of intent, including the proposed subpoena, is attached to this certificate,

(3) no objection to the subpoena has been received or it has been waived, and

(4) the subpoena which will be served is identical to the subpoena which is attached to the notice of intent to serve the subpoena.

Date :  10/13/2022

                /S/SALVATORE A. CLEMENTE
                SALVATORE A. CLEMENTE
                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
                TWO COMMERCE SQ, 2001 MARKET ST SUITE 3100
                PHILADELPHIA PA,   19103
                (215) 627-6900

RT#: **380279**

RECORDS PERTAIN TO: **ANTONIO J. LIGAMERI**

| | | | |
|---|---|---|---|
| **ANTONIO LIGAMERI** | : | COURT: | **Court Of Common Pleas Of Philadelphia County** |
| vs. | : | TERM: | **July 2022** |
| **AMAZON.COM AND AMAZON** | : | DOCKET: | **220702248** |
| **LOGISITCS, INC.** | | | |

**NOTICE OF INTENT TO SERVE A SUBPOENA TO PRODUCE DOCUMENTS**

TO:    CHANTE N. DEPERSIA
DEFINO LAW ASSOCIATES
2541 SOUTH BROAD STREET
PHILADELPHIA, PA  19148

September 30, 2022

Please take notice that on behalf of *SALVATORE A. CLEMENTE, attorney for Defendant,* we intend to serve a subpoena identical to the one(s) attached to this notice.  You have until October 20, 2022 to file of record and serve upon the undersigned an objection to the subpoena(s).  If no objection is made, the subpoena(s) will be served.

**IF COUNSEL AGREES TO WAIVE THE 20 DAY NOTICE PERIOD, PLEASE INDICATE
BELOW AND FAX SAME TO THE UNDERSIGNED AT YOUR EARLIEST OPPORTUNITY.**

IF YOU WISH TO PURCHASE COPIES OF THE RECORDS, PLEASE CONTACT FOR PRICING AND **FAX THIS
CORRESPONDENCE BY October 20, 2022 TO (610) 992-1405.** All records will be provided (including
no record statements) as produced by each record location.

Daniel Wake 610.354.8348

651 Allendale Road
P. O. Box 61591
King of Prussia, PA 19406

LIST OF RECORD CUSTODIANS AND SUBPOENAS

| TAG | RECORD CUSTODIAN |
|---|---|
| 1 | ____ CARABELLI PHYSICAL MEDICINE & THERAPY |
| 2 | ____ BROWN'S SUPER STORES INC. |
| 3 | ____ SCIENCE HISTORY INSTITUTE |
| 4 | ____ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
| 5 | ____ CAPACIO CHIROPRACTIC CENTER |
| 6 | ____ SPINAL CARE PAIN ASSOCIATES |
| 7 | ____ SOUTH PHILADELPHIA OPEN MRI |
| 8 | ____ PHILADELPHIA HEART, P.C. |
| 9 | ____ INDEPENDENCE BLUE CROSS |

____ Yes, I would like to purchase a copy of all the records listed above.
____ Yes, I would like purchase the specific records I have indicated above.

SIGNATURE: _____    Date: _____

FIRM: _____

Case ID: 220702248

**-----------------------------------------------------------------------------------------------------------------------------**

**___ YES, I AGREE TO WAIVE THE 20 DAY NOTICE PERIOD FOR ALL SUBPOENAS ON THIS NOTICE**

Signature of Counsel: _____   Date: _____

Counsel for: _____

Firm: _____

Email: _____

Case ID: 220702248

RT: 380279.1



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

**Court of Common Pleas**

LIGAMERI VS AMAZON.COM ETAL

_____ July _____ Term, _22_

No. _____ 02248 _____

**Subpoena to Produce Documents or Things**
**for Discovery Pursuant to Rule 4009.22**

TO: **CARABELLI PHYSICAL MEDICINE & THERAPY** _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at: RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: RecordTrak, Salvatore A. Clemente

Date: October 13, 2022          Address:
                                Attorney for Defendant
                                651 Allendale Road
                                King of Prussia, PA 19406

                                Telephone:     800 220-1291

                                Supreme Court ID#:

                                Attorney for:

**BY THE COURT**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652 or Email: OJRCivil@courts.phila.gov

Case ID: 220702248

RT: 380279.1

EXHIBIT A

Re: ANTONIO LIGAMERI v. AMAZON.COM AND AMAZON LOGISITCS, INC.
Philadelphia CCP  220702248
File: 380279

RECORDS PERTAIN TO: ANTONIO LIGAMERI

Requested Records:

1 . Any and all medical records pertaining to Antonio J. Ligameri
        from the first date Mr. Ligameri presented to the present, including but not limited to
Mr. Ligameri's complete medical chart, patient intake and/or health history forms, copies of
health insurance cards and copies of photo identification or any other identification card; any and
all records and/or documents whether in hard copy or in a digital and/or electronic format; Mr.
Ligameri's complete TeleHealth Records; Mobile App records any recordings, documents,
correspondence, correspondence from or to Mr. Ligameri or from/to Mr. Ligameri's attorney(s)
and/or power of attorneys; Mr. Ligameri's medical reports, all doctor's notes, nurse's notes and
S.O.A.P. notes; records concerning Mr. Ligameri's medication history and well as any and all
records of medications prescribed (whether filled or not), including prescriptions written for Mr.
Ligameri along with the dosage and instructions for taking the medication, a copy of the actual
prescription, any documents showing the reason for the prescription and the name and address of
the pharmacy if the prescription was faxed in, called in or electronically transmitted to the
pharmacy; any and all office notes, progress reports, cardiology reports, radiology reports,
diagnostic reports, x-ray reports, MRI reports, CT reports, myelogram reports, lab reports,
pathology reports, monitor strips and testing strips; any and all prescriptions for physical therapy
of any kind, occupational therapy and all records related thereto; case history, emergency records,
outpatient records, diagnosis and prognosis documentation, admittance  and discharge records
from any health institution; copies of all notes in the chart (handwritten or otherwise) and copies
of the actual folders (if a hard file exists), along with any notation(s) on any file folder; all emails
or written correspondence between physicians and Mr. Ligameri regarding physical complaints,
symptoms, and treatment, including secure messages; all emails or written correspondence
between physicians (whether inside or outside the practice) concerning Mr. Ligameri's medical
conditions and/or referrals, including but not limited to Mr. Ligameri's physical complaints,
symptoms, and treatment, including secure message; copies of any and all diagnostic
films/images on stored on any medium (actual films, compact disk, electronic/digital storage,
etc.) in Mr. Ligameri's medical chart whether ordered by a physician in this practice or sent to
this practice from a non-associated medical provider including, but not limited to, any x-rays,
MRI's, CT's, myelograms, tomograms, MRAs, PET scans, CAT scans, fluoroscopy, discograms,
EMGs,  EKGs and any other diagnostic studies whatsoever.  All diagnostic images must be
produced on a DICOM compliant CD (or on film when DICOM compliant CD is not available),
and any and all billing records from the first date Mr. Ligameri presented to the present, including
but not limited to any records/documents that may be stored digitally and/or electronically:
charges, statements, explanation of benefits, payments, adjustments, write-offs, lien agreements,
Letters of Protection between the facility and patient's attorney, balances paid, balances due,
CPT/diagnostic codes, and itemized billing charges pertaining to any and all care, treatment,
and/or examinations, as well as all billing emails between physicians and the patient, including
secure messages pertaining thereto.

RT: 380279.2



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

**Court of Common Pleas**

LIGAMERI VS AMAZON.COM ETAL

_____ July _____ Term, __22__

No. _____ 02248 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO:  **BROWN'S SUPER STORES INC.**
_____
*(Name of Person or Entity)*

   Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at:  RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406
_____
*(Address)*

   You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

   If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

**Date**: October 13, 2022

Name:   RecordTrak, Salvatore A. Clemente
Address:
        Attorney for Defendant
        651 Allendale Road
        King of Prussia, PA 19406

Telephone:   800 220-1291

Supreme Court ID#:

Attorney for:



**BY THE COURT**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-6652  or Email: OJRCivil@courts.phila.gov

EXHIBIT A

RE: ANTONIO LIGAMERI vs. AMAZON.COM AND AMAZON LOGISITCS, INC.
NO. 220702248
FILE #: 380279;  TAG 2
LOCATION: BROWN'S SUPER STORES INC.

RECORDS PERTAIN TO: ANTONIO J. LIGAMERI   SS #: , DOB:  AKA:


1 . Any and all employment records pertaining to Antonio J. Ligameri, including but not limited to application(s) for employment, personnel records, probationary documents, workers' compensation claims, attendance records, vacation/PTO time taken, performance evaluations, reviews, disciplinary actions, commendations, promotions, job titles held and associated job duties, responsibilities and physical/educational/professional experience requirements; intra-company applications for alternate positions within the company and associated documentation along with physical/educational/professional experience requirements for those positions; earnings history, Family Medical Leave Act
(FMLA) records, short term disability applications and benefits, long term disability applications and benefits, medical records and reports and drug screenings.
Including but not limited to records of treatment for Brown's Brooklawn, Route 130 and Browing road, Gloucester city, NJ.

RT: 380279.3



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

**Court of Common Pleas**

LIGAMERI VS AMAZON.COM ETAL

_____ July _____ Term, _ 22 _

No. _ 02248 _

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO:  **SCIENCE HISTORY INSTITUTE** _____

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at:  RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 13, 2022

Name:   RecordTrak, Salvatore A. Clemente

Address:
        Attorney for Defendant
        651 Allendale Road
        King of Prussia, PA 19406

Telephone:      800 220-1291

Supreme Court ID#:

Attorney for:



**BY THE COURT**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-6652  or Email: OJRCivil@courts.phila.gov

Case ID: 220702248

EXHIBIT A

RE: ANTONIO LIGAMERI vs. AMAZON.COM AND AMAZON LOGISITCS, INC.
NO. 220702248
FILE #: 380279;  TAG 3
LOCATION: SCIENCE HISTORY INSTITUTE

RECORDS PERTAIN TO: ANTONIO J. LIGAMERI   SS #: , DOB:  AKA:


1 . Any and all employment records pertaining to Antonio J. Ligameri, including but not limited to application(s) for employment, personnel records, probationary documents, workers' compensation claims, attendance records, vacation/PTO time taken, performance evaluations, reviews, disciplinary actions, commendations, promotions, job titles held and associated job duties, responsibilities and physical/educational/professional experience requirements; intra-company applications for alternate positions within the company and associated documentation along with physical/educational/professional experience requirements for those positions; earnings history, Family Medical Leave Act
(FMLA) records, short term disability applications and benefits, long term disability applications and benefits, medical records and reports and drug screenings.

RT: 380279.4



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

**Court of Common Pleas**

LIGAMERI VS AMAZON.COM ETAL

| | | July | Term, | 22 |

No. 02248

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at: RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Name: RecordTrak, Salvatore A. Clemente

**Date**: October 13, 2022    Address:

Attorney for Defendant
651 Allendale Road
King of Prussia, PA 19406

Telephone: 800 220-1291

Supreme Court ID#:

Attorney for:

**BY THE COURT**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652  or Email: OJRCivil@courts.phila.gov

Case ID: 220702248

EXHIBIT A

RE: ANTONIO LIGAMERI vs. AMAZON.COM AND AMAZON LOGISITCS, INC.
NO. 220702248
FILE #: 380279;  TAG 4
LOCATION: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

RECORDS PERTAIN TO: ANTONIO J. LIGAMERI   SS #: , DOB:  AKA:

1 . Please produce the complete copy of your complete claim file of or related any State Farm Mutual Automobile Insurance Company owned by Antonio J. Ligameri, and/or an accident/incident involving Addriel Garcia, but not limited to, any and all of the following: (1) complete copy of policy and declarations; (2) entries and/or notes in any claims diary or log; (3) reports by any investigator; (4) written or recorded witness statements; (5) internal communications, notes, instant messaging, texts, memoranda, evaluations and (6) medical and/or PIP records and/or payments. If any documents or information is redacted and/or not produced, please provide a privilege log.
Including but not limited to records for State Farm Insurance, P.O. Box 89000, Atlanta, GA.

RT: 380279.5



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

**Court of Common Pleas**

LIGAMERI VS AMAZON.COM ETAL

_____ July _____ Term, __ 22 __

No. ____ 02248 ____

**Subpoena to Produce Documents or Things**
**for Discovery Pursuant to Rule 4009.22**

TO:  **CAPACIO CHIROPRACTIC CENTER**
_____
*(Name of Person or Entity)*

     Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at: RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406
_____
*(Address)*

     You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

     If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 13, 2022

Name:  RecordTrak, Salvatore A. Clemente
Address:  Attorney for Defendant
651 Allendale Road
King of Prussia, PA 19406

Telephone:  800 220-1291

Supreme Court ID#:

Attorney for:



**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-6652  or Email: OJRCivil@courts.phila.gov

Case ID: 220702248

RT: 380279.5

EXHIBIT A

Re: ANTONIO LIGAMERI v. AMAZON.COM AND AMAZON LOGISITCS, INC.
Philadelphia CCP  220702248
File: 380279

RECORDS PERTAIN TO: ANTONIO LIGAMERI

Requested Records:

1 . Any and all medical records pertaining to Antonio J. Ligameri                    -
          from the first date Mr. Ligameri presented to the present, including but not limited to
Mr. Ligameri's complete medical chart, patient intake and/or health history forms, copies of
health insurance cards and copies of photo identification or any other identification card; any and
all records and/or documents whether in hard copy or in a digital and/or electronic format; Mr.
Ligameri's complete TeleHealth Records; Mobile App records any recordings, documents,
correspondence, correspondence from or to Mr. Ligameri or from/to Mr. Ligameri's attorney(s)
and/or power of attorneys; Mr. Ligameri's medical reports, all doctor's notes, nurse's notes and
S.O.A.P. notes; records concerning Mr. Ligameri's medication history and well as any and all
records of medications prescribed (whether filled or not), including prescriptions written for Mr.
Ligameri along with the dosage and instructions for taking the medication, a copy of the actual
prescription, any documents showing the reason for the prescription and the name and address of
the pharmacy if the prescription was faxed in, called in or electronically transmitted to the
pharmacy; any and all office notes, progress reports, cardiology reports, radiology reports,
diagnostic reports, x-ray reports, MRI reports, CT reports, myelogram reports, lab reports,
pathology reports, monitor strips and testing strips; any and all prescriptions for physical therapy
of any kind, occupational therapy and all records related thereto; case history, emergency records,
outpatient records, diagnosis and prognosis documentation, admittance  and discharge records
from any health institution; copies of all notes in the chart (handwritten or otherwise) and copies
of the actual folders (if a hard file exists), along with any notation(s) on any file folder; all emails
or written correspondence between physicians and Mr. Ligameri regarding physical complaints,
symptoms, and treatment, including secure messages; all emails or written correspondence
between physicians (whether inside or outside the practice) concerning Mr. Ligameri's medical
conditions and/or referrals, including but not limited to Mr. Ligameri's physical complaints,
symptoms, and treatment, including secure message; copies of any and all diagnostic
films/images on stored on any medium (actual films, compact disk, electronic/digital storage,
etc.) in Mr. Ligameri's medical chart whether ordered by a physician in this practice or sent to
this practice from a non-associated medical provider including, but not limited to, any x-rays,
MRI's, CT's, myelograms, tomograms, MRAs, PET scans, CAT scans, fluoroscopy, discograms,
EMGs, EKGs and any other diagnostic studies whatsoever.  All diagnostic images must be
produced on a DICOM compliant CD (or on film when DICOM compliant CD is not available),
and any and all billing records from the first date Mr. Ligameri presented to the present, including
but not limited to any records/documents that may be stored digitally and/or electronically:
charges, statements, explanation of benefits, payments, adjustments, write-offs, lien agreements,
Letters of Protection between the facility and patient's attorney, balances paid, balances due,
CPT/diagnostic codes, and itemized billing charges pertaining to any and all care, treatment,
and/or examinations, as well as all billing emails between physicians and the patient, including
secure messages pertaining thereto.

Case ID: 220702248

RT: 380279.6



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

### Court of Common Pleas

LIGAMERI VS AMAZON.COM ETAL

_____ July _____ Term, _22_

No._____ 02248 _____

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO: **SPINAL CARE PAIN ASSOCIATES** _____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at: RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 13, 2022

Name: RecordTrak, Salvatore A. Clemente

Address:
Attorney for Defendant
651 Allendale Road
King of Prussia, PA 19406

Telephone: 800 220-1291

Supreme Court ID#:

Attorney for:



**BY THE COURT**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-6652  or Email: OJRCivil@courts.phila.gov

RT: 380279.6

EXHIBIT A


Re: ANTONIO LIGAMERI v. AMAZON.COM AND AMAZON LOGISITCS, INC.
Philadelphia CCP  220702248
File: 380279


RECORDS PERTAIN TO: ANTONIO LIGAMERI

Requested Records:

1 . Any and all medical records pertaining to Antonio J. Ligameri,
        from the first date Mr. Ligameri presented to the present, including but not limited to
Mr. Ligameri's complete medical chart, patient intake and/or health history forms, copies of
health insurance cards and copies of photo identification or any other identification card; any and
all records and/or documents whether in hard copy or in a digital and/or electronic format; Mr.
Ligameri's complete TeleHealth Records; Mobile App records any recordings, documents,
correspondence, correspondence from or to Mr. Ligameri or from/to Mr. Ligameri's attorney(s)
and/or power of attorneys; Mr. Ligameri's medical reports, all doctor's notes, nurse's notes and
S.O.A.P. notes; records concerning Mr. Ligameri's medication history and well as any and all
records of medications prescribed (whether filled or not), including prescriptions written for Mr.
Ligameri along with the dosage and instructions for taking the medication, a copy of the actual
prescription, any documents showing the reason for the prescription and the name and address of
the pharmacy if the prescription was faxed in, called in or electronically transmitted to the
pharmacy; any and all office notes, progress reports, cardiology reports, radiology reports,
diagnostic reports, x-ray reports, MRI reports, CT reports, myelogram reports, lab reports,
pathology reports, monitor strips and testing strips; any and all prescriptions for physical therapy
of any kind, occupational therapy and all records related thereto; case history, emergency records,
outpatient records, diagnosis and prognosis documentation, admittance  and discharge records
from any health institution; copies of all notes in the chart (handwritten or otherwise) and copies
of the actual folders (if a hard file exists), along with any notation(s) on any file folder; all emails
or written correspondence between physicians and Mr. Ligameri regarding physical complaints,
symptoms, and treatment, including secure messages; all emails or written correspondence
between physicians (whether inside or outside the practice) concerning Mr. Ligameri's medical
conditions and/or referrals, including but not limited to Mr. Ligameri's physical complaints,
symptoms, and treatment, including secure message; copies of any and all diagnostic
films/images on stored on any medium (actual films, compact disk, electronic/digital storage,
etc.) in Mr. Ligameri's medical chart whether ordered by a physician in this practice or sent to
this practice from a non-associated medical provider including, but not limited to, any x-rays,
MRI's, CT's, myelograms, tomograms, MRAs, PET scans, CAT scans, fluoroscopy, discograms,
EMGs,  EKGs and any other diagnostic studies whatsoever.  All diagnostic images must be
produced on a DICOM compliant CD (or on film when DICOM compliant CD is not available),
and any and all billing records from the first date Mr. Ligameri presented to the present, including
but not limited to any records/documents that may be stored digitally and/or electronically:
charges, statements, explanation of benefits, payments, adjustments, write-offs, lien agreements,
Letters of Protection between the facility and patient's attorney, balances paid, balances due,
CPT/diagnostic codes, and itemized billing charges pertaining to any and all care, treatment,
and/or examinations, as well as all billing emails between physicians and the patient, including
secure messages pertaining thereto.

RT: 380279.7



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

**Court of Common Pleas**

LIGAMERI VS AMAZON.COM ETAL

_____ July _____ Term, _ 22 _

No. _____ 02248 _____

**Subpoena to Produce Documents or Things**
**for Discovery Pursuant to Rule 4009.22**

TO: **SOUTH PHILADELPHIA OPEN MRI**

_(Name of Person or Entity)_

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at: RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406

_(Address)_

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 13, 2022

Name: RecordTrak, Salvatore A. Clemente

Address: Attorney for Defendant
651 Allendale Road
King of Prussia, PA 19406

Telephone: 800 220-1291

Supreme Court ID#:

Attorney for:

**BY THE COURT**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-6652  or Email: OJRCivil@courts.phila.gov

EXHIBIT A

Re: ANTONIO LIGAMERI v. AMAZON.COM AND AMAZON LOGISITCS, INC.
Philadelphia CCP  220702248
File: 380279

RECORDS PERTAIN TO: ANTONIO LIGAMERI

Requested Records:

1 . Any and all medical records pertaining to Antonio J. Ligameri,
        from the first date Mr. Ligameri presented to the present, including but not limited to
Mr. Ligameri's complete medical chart, patient intake and/or health history forms, copies of
health insurance cards and copies of photo identification or any other identification card; any and
all records and/or documents whether in hard copy or in a digital and/or electronic format; Mr.
Ligameri's complete TeleHealth Records; Mobile App records any recordings, documents,
correspondence, correspondence from or to Mr. Ligameri or from/to Mr. Ligameri's attorney(s)
and/or power of attorneys; Mr. Ligameri's medical reports, all doctor's notes, nurse's notes and
S.O.A.P. notes; records concerning Mr. Ligameri's medication history and well as any and all
records of medications prescribed (whether filled or not), including prescriptions written for Mr.
Ligameri along with the dosage and instructions for taking the medication, a copy of the actual
prescription, any documents showing the reason for the prescription and the name and address of
the pharmacy if the prescription was faxed in, called in or electronically transmitted to the
pharmacy; any and all office notes, progress reports, cardiology reports, radiology reports,
diagnostic reports, x-ray reports, MRI reports, CT reports, myelogram reports, lab reports,
pathology reports, monitor strips and testing strips; any and all prescriptions for physical therapy
of any kind, occupational therapy and all records related thereto; case history, emergency records,
outpatient records, diagnosis and prognosis documentation, admittance  and discharge records
from any health institution; copies of all notes in the chart (handwritten or otherwise) and copies
of the actual folders (if a hard file exists), along with any notation(s) on any file folder; all emails
or written correspondence between physicians and Mr. Ligameri regarding physical complaints,
symptoms, and treatment, including secure messages; all emails or written correspondence
between physicians (whether inside or outside the practice) concerning Mr. Ligameri's medical
conditions and/or referrals, including but not limited to Mr. Ligameri's physical complaints,
symptoms, and treatment, including secure message; copies of any and all diagnostic
films/images on stored on any medium (actual films, compact disk, electronic/digital storage,
etc.) in Mr. Ligameri's medical chart whether ordered by a physician in this practice or sent to
this practice from a non-associated medical provider including, but not limited to, any x-rays,
MRI's, CT's, myelograms, tomograms, MRAs, PET scans, CAT scans, fluoroscopy, discograms,
EMGs,  EKGs and any other diagnostic studies whatsoever.  All diagnostic images must be
produced on a DICOM compliant CD (or on film when DICOM compliant CD is not available),
and any and all billing records from the first date Mr. Ligameri presented to the present, including
but not limited to any records/documents that may be stored digitally and/or electronically:
charges, statements, explanation of benefits, payments, adjustments, write-offs, lien agreements,
Letters of Protection between the facility and patient's attorney, balances paid, balances due,
CPT/diagnostic codes, and itemized billing charges pertaining to any and all care, treatment,
and/or examinations, as well as all billing emails between physicians and the patient, including
secure messages pertaining thereto.

Case ID: 220702248

RT: 380279.8



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

LIGAMERI VS AMAZON.COM ETAL

_____ July ____ Term, _22_

No._____ 02248 _____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO:  **PHILADELPHIA HEART, P.C.**
_____
*(Name of Person or Entity)*

    Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at: RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406
                                     *(Address)*

    You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

    If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

                  Name:   RecordTrak, Salvatore A. Clemente

Date: October 13, 2022      Address:
                         Attorney for Defendant
                         651 Allendale Road
                         King of Prussia, PA 19406

                  Telephone:   800 220-1291

                  Supreme Court ID#:

                  Attorney for:

                  **BY THE COURT:**
                  Eric Feder
                  **Deputy Court Administrator**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the    **Director, Office of Judicial Records**
Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652  or Email: OJRCivil@courts.phila.gov

<span style="color:red">Case ID: 220702248</span>

RT: 380279.8

EXHIBIT A


Re: ANTONIO LIGAMERI v. AMAZON.COM AND AMAZON LOGISITCS, INC.
Philadelphia CCP  220702248
File: 380279


RECORDS PERTAIN TO: ANTONIO LIGAMERI

Requested Records:

1 . Any and all medical records pertaining to Antonio J. Ligameri,
        from the first date Mr. Ligameri presented to the present, including but not limited to
Mr. Ligameri's complete medical chart, patient intake and/or health history forms, copies of
health insurance cards and copies of photo identification or any other identification card; any and
all records and/or documents whether in hard copy or in a digital and/or electronic format; Mr.
Ligameri's complete TeleHealth Records; Mobile App records any recordings, documents,
correspondence, correspondence from or to Mr. Ligameri or from/to Mr. Ligameri's attorney(s)
and/or power of attorneys; Mr. Ligameri's medical reports, all doctor's notes, nurse's notes and
S.O.A.P. notes; records concerning Mr. Ligameri's medication history and well as any and all
records of medications prescribed (whether filled or not), including prescriptions written for Mr.
Ligameri along with the dosage and instructions for taking the medication, a copy of the actual
prescription, any documents showing the reason for the prescription and the name and address of
the pharmacy if the prescription was faxed in, called in or electronically transmitted to the
pharmacy; any and all office notes, progress reports, cardiology reports, radiology reports,
diagnostic reports, x-ray reports, MRI reports, CT reports, myelogram reports, lab reports,
pathology reports, monitor strips and testing strips; any and all prescriptions for physical therapy
of any kind, occupational therapy and all records related thereto; case history, emergency records,
outpatient records, diagnosis and prognosis documentation, admittance  and discharge records
from any health institution; copies of all notes in the chart (handwritten or otherwise) and copies
of the actual folders (if a hard file exists), along with any notation(s) on any file folder; all emails
or written correspondence between physicians and Mr. Ligameri regarding physical complaints,
symptoms, and treatment, including secure messages; all emails or written correspondence
between physicians (whether inside or outside the practice) concerning Mr. Ligameri's medical
conditions and/or referrals, including but not limited to Mr. Ligameri's physical complaints,
symptoms, and treatment, including secure message; copies of any and all diagnostic
films/images on stored on any medium (actual films, compact disk, electronic/digital storage,
etc.) in Mr. Ligameri's medical chart whether ordered by a physician in this practice or sent to
this practice from a non-associated medical provider including, but not limited to, any x-rays,
MRI's, CT's, myelograms, tomograms, MRAs, PET scans, CAT scans, fluoroscopy, discograms,
EMGs,  EKGs and any other diagnostic studies whatsoever.  All diagnostic images must be
produced on a DICOM compliant CD (or on film when DICOM compliant CD is not available),
and any and all billing records from the first date Mr. Ligameri presented to the present, including
but not limited to any records/documents that may be stored digitally and/or electronically:
charges, statements, explanation of benefits, payments, adjustments, write-offs, lien agreements,
Letters of Protection between the facility and patient's attorney, balances paid, balances due,
CPT/diagnostic codes, and itemized billing charges pertaining to any and all care, treatment,
and/or examinations, as well as all billing emails between physicians and the patient, including
secure messages pertaining thereto.

RT: 380279.9



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

**Court of Common Pleas**

LIGAMERI VS AMAZON.COM ETAL

July      Term, 22

No.      02248

### Subpoena to Produce Documents or Things
### for Discovery Pursuant to Rule 4009.22

TO:  **INDEPENDENCE BLUE CROSS**

*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED EXHIBIT A.

at: RecordTrak 651 Allendale Road P.O. Box 61591 King of Prussia  19406

*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: October 13, 2022

Name:   RecordTrak, Salvatore A. Clemente
Address:
        Attorney for Defendant
        651 Allendale Road
        King of Prussia, PA 19406

Telephone:   800 220-1291

Supreme Court ID#:

Attorney for:



**BY THE COURT**
Eric Feder
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone:  (215) 686-6652  or Email: OJRCivil@courts.phila.gov

RT: 380279.9

EXHIBIT A

Re: ANTONIO LIGAMERI v. AMAZON.COM AND AMAZON LOGISITCS, INC.
Philadelphia CCP  220702248
File: 380279

RECORDS PERTAIN TO: ANTONIO LIGAMERI

Requested Records:

1 . Any and all medical records pertaining to Antonio J. Ligameri, (Policy: UFN120243703001;
                                              from the first date Mr. Ligameri presented to the present,
including but not limited to Mr. Ligameri's complete medical chart, patient intake and/or health
history forms, copies of health insurance cards and copies of photo identification or any other
identification card; any and all records and/or documents whether in hard copy or in a digital
and/or electronic format; Mr. Ligameri's complete TeleHealth Records; Mobile App records any
recordings, documents, correspondence, correspondence from or to Mr. Ligameri or from/to Mr.
Ligameri's attorney(s) and/or power of attorneys; Mr. Ligameri's medical reports, all doctor's
notes, nurse's notes and S.O.A.P. notes; records concerning Mr. Ligameri's medication history
and well as any and all records of medications prescribed (whether filled or not), including
prescriptions written for Mr. Ligameri along with the dosage and instructions for taking the
medication, a copy of the actual prescription, any documents showing the reason for the
prescription and the name and address of the pharmacy if the prescription was faxed in, called in
or electronically transmitted to the pharmacy; any and all office notes, progress reports,
cardiology reports, radiology reports, diagnostic reports, x-ray reports, MRI reports, CT reports,
myelogram reports, lab reports, pathology reports, monitor strips and testing strips; any and all
prescriptions for physical therapy of any kind, occupational therapy and all records related
thereto; case history, emergency records, outpatient records, diagnosis and prognosis
documentation, admittance and discharge records from any health institution; copies of all notes
in the chart (handwritten or otherwise) and copies of the actual folders (if a hard file exists), along
with any notation(s) on any file folder; all emails or written correspondence between physicians
and Mr. Ligameri regarding physical complaints, symptoms, and treatment, including secure
messages; all emails or written correspondence between physicians (whether inside or outside the
practice) concerning Mr. Ligameri's medical conditions and/or referrals, including but not limited
to Mr. Ligameri's physical complaints, symptoms, and treatment, including secure message;
copies of any and all diagnostic films/images on stored on any medium (actual films, compact
disk, electronic/digital storage, etc.) in Mr. Ligameri's medical chart whether ordered by a
physician in this practice or sent to this practice from a non-associated medical provider
including, but not limited to, any x-rays, MRI's, CT's, myelograms, tomograms, MRAs, PET
scans, CAT scans, fluoroscopy, discograms, EMGs,  EKGs and any other diagnostic studies
whatsoever.  All diagnostic images must be produced on a DICOM compliant CD (or on film
when DICOM compliant CD is not available), and any and all billing records from the first date
Mr. Ligameri presented to the present, including but not limited to any records/documents that
may be stored digitally and/or electronically: charges, statements, explanation of benefits,
payments, adjustments, write-offs, lien agreements, Letters of Protection between the facility and
patient's attorney, balances paid, balances due, CPT/diagnostic codes, and itemized billing
charges pertaining to any and all care, treatment, and/or examinations, as well as all billing emails
between physicians and the patient, including secure messages pertaining thereto.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**
By:    Salvatore A. Clemente, Esquire
          Jared M. Smith, Esquire
Attorney ID: 80830/321370
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Tel. 215-627-6900
Fax.215-627-2665
Email: Salvatore.Clemente@wilsonelser.com
          Jared. Smith@wilsonelser.com

*Filed and Attested by the
Office of Judicial Records
24 OCT 2022 02:40 pm
S. GILLIAM*

Attorney for Defendants,
*Amazon.com & Amazon Logistics,
Inc.*

| | | |
|---|---|---|
| ANTONIO LIGAMERI, | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | CIVIL ACTION - LAW |
| AMAZON.COM and AMAZON LOGISTICS, INC., | : | No. 220702248 |
| Defendants. | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance as counsel on behalf of Defendants, Amazon.com and Amazon Logistics, Inc. in the above-captioned matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

*Jared M. Smith*

Jared M. Smith, Esquire
Attorney for Defendants,
*Amazon.com and Amazon Logistics, Inc.*

Dated: October 24, 2022

266322723v.1

Case ID: 220702248

## <u>CERTIFICATE OF SERVICE</u>

I, Jared M. Smith, Esquire, attorney for Defendants, Amazon.com and Amazon Logisitics, Inc. hereby certify that a true and correct copy of the foregoing Praecipe for Entry of Appearance, was electronically filed via the Court's electronic filing system and therefore viewable and deemed served on all counsel of record pursuant 231 Pa. Code 205.4 (g)(2)(ii).

*Jared M. Smith*

_____

Jared M. Smith, Esquire

Dated:  October 24, 2022

266322723v.1